## HUSTED *against* HOYT.

An administrator having disallowed a claim and given notice, pursuant to the statute, (*tit.* 32. *s.* 18.) may afterwards, at his discretion, allow the claim, and revoke the notice ; the effect of which will be, to prevent the statute from running against the claim.

One of two administrators is *competent to waive a disallowance, and revoke* a notice, previously given.

Where an administrator, after disallowing a claim and giving notice, request-ed the creditor not to sue, expressing his belief that the claim would be compromised ; and the creditor, at the special instance and request of the administrator, delayed the commencement of his suit accordingly ; it was held, that this conduct of the administrator was equivalent to an ex-press declaration that he would not insist upon the disallowance and no-tice, and justified the jury in finding a waiver.

THIS was an action of debt on book against *Hannah Hoyt* and *James S. Hoyt,* (the latter having died since the com-mencement of this suit,) as administrators on the estate of *Shadrach Hoyt,* deceased.

The defendants having prayed oyer of the account, pleaded, first, the general issue ; and upon this issue the jury return-ed a verdict in favour of the plaintiff.

The second plea, after stating the granting of administra-tion to the defendants, the limitation of time for the exhibition of claims, and notice thereof given according to law, averred, that the plaintiff exhibited his claim within the limited time, for allowance ; that the same was disallowed, by the defend-ants, who refused to pay it, and notified the plaintiff ; and that the suit was not commenced within six months, after such dis-

allowance and notice.    This plea was traversed ; and the jury found this issue in favour of the defendants.

The defendants pleaded a third plea, in which it was averred, that within the time so limited by the court of probate, the plaintiff exhibited his claim, for allowance, to *James S. Hoyt,* one of the defendants, who disallowed and refused to pay it, and notified the plaintiff of such disallowance and refusal; and that the suit was not commenced within six months thereafter.

To this plea the plaintiff replied, that within one month after the time in said plea mentioned, and of the supposed refusal and notice therein stated, he presented his account for allowance, to the said *James S. Hoyt,* who then requested the plaintiff not to prosecute his said claim by suit, and further requested that the same might be delayed ; he, the said *James,* expressing his belief, that the matter could and would be compromised without suit, and the costs of a suit at law be thereby saved.    And thereupon, at the special instance and request of the said *James S.,* the plaintiff did delay the commencement of said suit ; and so continued to delay the same, at the like special instance and request, until within thirty days of the commencement of said action.

This replication was traversed ; and the jury found the issue joined thereon, in favour of the plaintiff; and found for him to recover the amount of his debt and costs.

The defendant thereupon filed her motion in arrest of judgment ; and also moved that judgment might be rendered in her favour, the verdict of the jury on the first and third issues notwithstanding.    The questions arising on these motions were reserved for the advice of this court.

*Hawley,* for the defendant, contended, 1. That the statute applicable to this case, being a positive bar, is not revocable, by any subsequent matter.    It is peremptory and absolute in its terms.    It is identical in its language with that requiring an exhibition within the time limited for the exhibition of claims. " Shall be forever debarred," is the language in both cases. *Stat.* 203, 4. *tit.* 32. *s.* 17. 18.    A promise by an executor to pay a claim not exhibited in time, could not be enforced.    Nor if the plaintiff had neglected, at the executor's request, to exhibit his claim in time, could he recover.    *A* has a book debt

against *B,* who (without acknowledging the claim) requests him not to sue : he waits until the six years are gone by : he cannot then recover. Take another case. *A* has a claim against an insolvent estate, which has been rejected, by the commissioners : at the executor's request, he delays to appeal until the fifteen days have elapsed : he cannot appeal afterwards : nor can he recover against the executor ; nor can the executor lawfully pay the claim. *Spalding* v. *Butts* & al. 6 *Conn. Rep.* 28. The object of the statute is to bring estates to a speedy settlement. *Brown* & al. v. *Anderson,* admr. 13 *Mass. Rep.* 201. Ex parte *Allen,* 15 *Mass. Rep.* 58. 62. The executor cannot waive the benefit of the statute. It is not a law made for his benefit, but for that of creditors, legatees and heirs. He is a mere trustee. An administrator is also a trustee, appointed by law, differing from an executor only in the source of his authority. *Peck* v. *Botsford,* 7 *Conn. Rep.* 172.

It is the executor's duty to insist on all legal exceptions. It is a *devastavit* to pay a claim, which he is not bound to satisfy. 2 *Williams' Exrs.* 1109. *Giles* & al. v. *Dyson* & al. 1 *Stark. Ca.* 32. *Toller,* 283. *Com. Dig. tit.* Administration, I. 1.

2. That if the statute can be waived, by both administrators, one alone cannot waive it ; otherwise, one could subject the other for mal-administration. The act of one, done not *prima facie* for the benefit of the estate, is not in law the act of both.

3. That if a waiver by one would, in legal effect, be that of both, it must be so pleaded. Here, the plaintiff does not claim a waiver by both ; and if he did, no waiver is pleaded. It is not sufficient to plead facts which would be *evidence* of a waiver, any more than it is to plead facts which would be evidence of a conversion in trover.

4. That the facts stated do not shew a waiver. There is no pretence of a promise, by *James S. Hoyt,* to pay, if the plaintiff would wait ; nor an intimation that he would pay ; but merely a request not to sue ; and that a general request—not a request to wait a specified time. Nor is it averred, that any encouragement was held out that there would be a compromise—only that he (*Hoyt*) believed it would be compromised.

*Sherman* and *Betts*, for the plaintiff, contended, 1. That the commencement of the time which is to operate as a bar, is within the *discretion* of the administrator. It is when he thinks proper to *give notice* of his disallowance of the claim. He may create the bar or not, at his pleasure.

2. That the giving of notice depending entirely upon the discretion of the administrator, it continues in his discretion and under his controul, until the period has elapsed. He may waive or revoke it. Suppose that, after having given notice, he discovers that the claim is a just one, but he has not then funds to pay it ; must he be sued at all events ?

3. That the third plea is sufficient. There is no rule prescribing any specific acts as necessary to constitute a waiver of the notice given. The request of *James S. Hoyt*, in this case, amounts to a revocation of notice. When he was endeavouring to ward off the costs of suit, he was acting for the benefit of the estate.

It is not wise to open a door to such gross fraud as might be committed, if this plea were holden insufficient.

BISSELL, J. 1. It is insisted, that the statute interposes an absolute bar ; and that administrators once having given notice of the disallowance of a claim, that notice is irrevocable.

We do not think that this proposition can be sustained.

The 17th section of the statute (*tit.* 32.) enacts, that whenever any creditor shall neglect to exhibit his claim within the time limited by the court of probate and notice thereof given, "*he shall be forever debarred of his demand against such estate.*" The 18th section provides, that where a claim has been exhibited within the time limited, and is disallowed by the administrator, and notice thereof given, if the creditor shall not, within six months after such disallowance and notice, commence a suit, &c. "*he shall be forever debarred of his claim against such estate.*" Now, it is said, that the language employed in both these sections of the statute, is precisely the same ; and that in both cases, the bar is absolute. And a number of cases have been cited, to show, that an administrator has no authority to allow or pay a claim, that was not exhibited, within the time limited by the court of probate : that he has no power to remove the bar, which the statute has interposed. And in analogy to these cases, it is insisted, that

*Fairfield,*
June, 1837.

Husted
*v.*
Hoyt.

when an administrator has once disallowed a claim and given notice, he has no authority to subsequently allow the claim, or to revoke the notice.

There is this very plain and obvious distinction between the two cases.   In the one, the statute creates the bar ;   in the other, it is created by the act of the administrator.   And it is entirely in his discretion, whether he will, by disallowing a claim and giving notice, lay a foundation for the statute to run against the demand.   If, after the statute has attached, the administrator should undertake to remove the bar, the cases would be parallel ; and the authorities cited would be applicable.

But until the claim is barred, the matter is wholly under the discretion of the administrator ; and it is a most extravagant claim, that he may not, in the exercise of that discretion, review his own decision, and revoke the notice which he has given. Suppose, after the disallowance, the administrator should be convinced, that the claim is strictly just and legal; may he not allow it ?   And not only allow, but pay the demand ?   And would this be a payment in his own wrong ;  and subject him on his probate bond ?   The argument irresistibly leads to this conclusion ;  that if an administrator has once refused to allow a claim, and given notice, he has no alternative but to subject the estate to the expense of a litigation, however well he may be satisfied of the justice of the demand.   Such, in our opinion, is not a sound construction of the statute.

2. It is objected, that this should have been the joint act of both administrators ; and that one is not competent to revoke a notice once given.

This objection has not been much insisted on ; and it is entirely without foundation.   One administrator may surely receive a claim ; and may either pay or reject it.   The plea alleges, that one administrator disallowed the claim before us, and gave the notice.   Would not this notice have been binding on the plaintiff?   And if one administrator may refuse a claim, may he not also waive the refusal ?   The point is too clear for argument.

3. It is insisted, that the waiver (if there be one) is not well pleaded ; or, in other words, that the replication is insufficient.

This part of the case is not, perhaps, entirely free from doubt. But it should be remembered, that the objection comes after verdict ; and, of course, all mere matters of form are cured, by

the finding of the jury. The question is, whether enough be stated in the replication, to show a waiver of the disallowance of the claim, and notice. It is averred, that the administrator requested the plaintiff not to sue ; that he expressed his belief that the demand would be compromised ; and that, at the special instance and request of the administrator, the plaintiff did delay the commencement of his suit. Now, we are inclined to think, that this conduct of the administrator was equivalent to an express declaration that he would not insist upon the disallowance and notice ; and that from these facts the jury would have been justified in finding a waiver.

We are, therefore, of opinion, that the motion in arrest should be overruled ; and that judgment be rendered in favour of the plaintiff.

In this opinion the other Judges concurred.

Judgment for the plaintiff.