## BROWN & BROTHERS *vs.* WILLIAM H. BROWN AND ANOTHER, EXECUTORS.

New Haven Co., Dec. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

*A* was the president of a corporation and also the executor of *B*. *B* had given his note to the corporation, and, at the time of his death, *A* held it, and had since continued to hold it, as president. Held that *A's* knowledge and possession of the note as president were also his knowledge and possession of it as executor, and that the law would regard it as presented against the estate of *B*.

And held not to affect the case that *A* was principal legatee under the will of *B* and interested in the avoidance of the claim by the estate, and

that he kept the existence of the note concealed from the other directors of the corporation until after the settlement of the estate had been completed.

After a suit had been brought on the note by the corporation against *A* and another as executors of *B*, both executors signed an agreement consenting that judgment might be taken in the suit, with certain restrictions upon the use to be made of it. Held that the executors had power to make such an agreement, and that as an admission that the claim had been presented against the estate and that the estate was indebted upon the note, the document was admissible in evidence in favor of the plaintiffs.

[Argued February 3d—decided April 23d, 1888.]

ACTION by the plaintiffs, a corporation, upon a note executed by Philo Brown, since deceased, of whom the defendants were executors; brought to the Superior Court in New Haven County, and tried to the court before *Torrance, J.* The plaintiffs having presented their evidence, the defendants moved for a nonsuit, which was granted by the court; and the court having denied a motion that the nonsuit be set aside, the plaintiffs appealed to this court. The case is sufficiently stated in the opinion.

*J. W. Webster* and *S. W. Kellogg*, for the appellants.

*G. E. Ferry* and *J. W. Alling*, for the appellees.

PARK, C. J. This case comes before us on an appeal from the judgment of the Superior Court in denying a motion to set aside a nonsuit. From the testimony produced by the plaintiff on the trial, and which is spread upon the record, it appears that Philo Brown, of whose will the defendants are executors, on the first day of July, 1878, made his note for the sum of one hundred and twenty-five thousand dollars, payable on demand to Brown & Brothers, the plaintiff corporation, with interest, and left it with William H. Brown, now one of his executors, who was then the president of the corporation. No question is made as to the consideration of the note, and the history of the transactions out of which it grew and the circumstances in which it was giv-

en, are of no importance to the decision of the case. William H. Brown was a principal legatee under the will of Philo Brown, who was his father, and had therefore a direct interest in preventing a presentation of the note against the estate. Philo Brown died in May, 1880, a little less than two years after the note was given, and up to that time William H. Brown had kept the fact that he had received the note from the knowledge of the other directors and members of the corporation, and after his father's death he kept the fact secret in the same manner until after the completion of the settlement of his estate in 1884, and of course until a long time after the period limited for presenting claims against the estate had expired, which was in December, 1880. The present suit was brought upon the note against the estate on the 10th day of June, 1884, which was less than four months after the existence of the note had been brought to the knowledge of the directors of the corporation other than William H. Brown.

The first question that presents itself in the case is, whether the claim was legally presented against the estate of Philo Brown. It is clear that the mere fraud of William H. Brown in concealing the existence of the note and in keeping it back from a formal and regular presentation against the estate, cannot help the plaintiff corporation. Every corporation must bear the fraud of its own agents. But we think it clear that, as William H. Brown was one of the executors of Philo Brown's will, his knowledge and possession of the note as president of the corporation were his knowledge and possession of it as executor. As he was acting in both capacities he had that knowledge and possession in both capacities.

It has been long settled by our decisions and practice, that a formal presentation of a claim to an executor or administrator is not necessary. *Hammett* v. *Starkweather*, 47 Conn., 439. The language of our statute has been, through all our revisions, that the creditor "shall *exhibit* his claim." He must in some way bring it to the knowledge of the executor. It need not be done in writing. It is not enough that the

executor has in some casual or outside way learned of the existence of the debt. He may perhaps have found some entry with regard to it among the papers of the deceased, or may have heard it spoken of in the street. It must be brought to his knowledge by some action of the claimant, or in his behalf, that the claim is held against the estate. Here William H. Brown, as president, had full knowledge of the existence of the claim and of his duty to present it against the estate. But there was no reason why he should go through the form of giving himself notice of it; that notice in his other capacity he had already. There was no need of his making an oral declaration in one capacity to himself in the other. The speaker and listener would have been the same person.

In *Thomas* v. *Chamberlin*, 39 Ohio St., 112, it is held that where the same person was administrator of both the creditor and the debtor estate, no formal presentation of a claim of the former estate against the latter was necessary, but that his possession of the evidence of the claim as administrator of the former estate was a possession of it as administrator of the latter, and that the law would infer a presentation of it.

We have no hesitation in deciding that the claim was legally exhibited to the executor within the time limited for the presentation of claims.

The question whether the suit was brought within four months after notice of the rejection of the claim by the executors, is one that does not arise in the case as it stands. It is wholly matter of defense, and one that constituted no part of the plaintiffs' case. We do not think it proper, at this stage of the case, to give the question any consideration.

The questions made with regard to the rulings of the court in excluding evidence offered by the plaintiffs, do not properly arise upon the question of setting aside the nonsuit. If evidence had been admitted that should have been excluded, it would be necessary that the ruling of the court should be vin-

dicated if we were to hold that the plaintiffs had made out a *primâ facie* case. But if their case is made out without the excluded evidence the erroneous ruling has been so far harmless and may be laid out of the case.

There is however one question of evidence of some importance that will arise upon the further trial of the case, and which, as the counsel have argued it, we will express an opinion upon.

While the present suit was pending, on the 7th of August, 1884, the following paper was executed by William H. Brown, in his individual capacity and as executor and trustee, and by Hiram Van Dusen, his co-executor and trustee, and delivered to Brown & Brothers, the plaintiffs:

"In consideration of a discharge to be executed by Brown & Brothers of Waterbury, Conn., releasing and discharging Wm. Henry Brown and the estate of Philo Brown, deceased, from all claims and demands, except a note of one hundred and twenty-five thousand dollars now in suit against the executors of said estate;—We, Wm. Henry Brown, individually and as executor and trustee, and Hiram Van Dusen, executor and trustee of the estate of Philo Brown, do hereby promise and agree to and with said Brown & Brothers, that said Brown & Brothers may acquire and secure whatever interest they can in the homestead of said deceased by judgment on said note now in suit;—provided that said Brown & Brothers shall not disturb the widow of said Philo Brown in the occupancy of said homestead during her life upon or by means of said claim of one hundred and twenty-five thousand dollars; and we further agree that said company may enforce any lien which they may have for said indebtedness on all stock of said estate in said company. And I, Wm. Henry Brown, hereby agree to transfer to the order of Brown & Brothers, or to such person as they shall direct, my interest in all stock of the company in which I have an interest. Provided, that this agreement and any transfers made in pursuance thereof, are not in any way to affect or prejudice the rights, if any, of the said

widow, or of Mrs. Cornelia A. Buel, or either of them, under their denial of said lien.

Dated this 7th day of August, 1884.

WM. HENRY BROWN.          [L. S.]

WM. HENRY BROWN,          [L. S.]
     as Executor and Trustee.

HIRAM VAN DUSEN,          [L. S.]
     as Executor and Trustee."

This document the plaintiffs offered in evidence and the court excluded it. The ground of the exclusion does not appear from the report of the evidence. We think it should have been received. The paper is signed by both executors, so that no question arises as to the power of one executor to make an agreement binding on the other. And it not only treats the note in question as in suit without suggesting an objection to it (an admission that it had been properly presented) but consents that the plaintiffs may take a judgment in the suit for the amount of the note, with only this limitation upon the use of the judgment, that the widow shall not be disturbed in her life occupancy of the homestead, and that certain rights, if any, of the widow and Mrs. Buel in the stock of Brown & Brothers held by the estate, shall not be prejudiced. This limitation does not enter into the judgment. It is only the personal agreement of Brown & Brothers that they will not use the judgment after it is obtained, adversely to these specified interests. It is an admission of the liability of the estate upon the note in suit.

But it is contended that an executor or administrator has no power to bind an estate by his admissions, and in support of this claim the case of *Rhodes* v. *Seymour*, 36 Conn., 1, decided in 1869, and some of the earlier decisions of this court, are cited. It is not necessary for us to controvert the rule that seems to be established by these decisions as the law of this state, though different from the law of some of our sister states, that a mere admission by an executor or administrator of some fact affecting the liability of the estate, is not evidence against the estate. We have here something more than an admission. It is an agreement, by

the executors as defendants in the present suit, made while the suit was pending, and with regard to the claim in suit. It is difficult to see why such an agreement, upon a valid consideration, should not be binding and sustained by the court; much more why it should not be admissible. The defendants had full power by a demurrer to admit the facts alleged; and in any case an executor could allow a default to be taken and have the case heard in damages. An executor or administrator can in the exercise of his judgment pay a debt proved against the estate. If he may pay the debt it is difficult to see why, when suit is brought, he may not agree that judgment may be taken. Such a view is amply sustained by the authorities. *Emerson* v. *Thompson*, 16 Mass., 429; *Hill* v. *Buckminster*, 5 Pick., 391; *Faunce* v. *Gray*, 21 id., 245; *Phillips* v. *County of Middlesex*, 127 Mass., 262; *Eckhert* v. *Triplett*, 48 Ind., 174; *Church* v. *Howard*, 79 N. York, 415, 418; *Lawson* v. *Powell*, 31 Geo., 681.

We think the document should have been received in evidence.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.