## EMMA A. DUVALL *v.* HAROLD P. BIRDEN, ADMINISTRATOR (ESTATE OF WILLIAM A. BIRDEN).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 5th—decided March 2d, 1938.

*Joseph F. Berry,* with whom, on the brief, was *Olcott D. Smith,* for the appellant (defendant).

*Thomas J. Wall,* with whom, on the brief, were *Thomas F. Wall* and *Robert A. Wall,* for the appellee (plaintiff).

BROWN, J.  William A. Birden died intestate January 8th, 1936, in his home in Torrington at the age of eighty-seven years and the defendant, his son, is the duly qualified administrator of his estate.  From May 11th, 1910, until his death the plaintiff and her family had lived in the house with the decedent.  She was in no way related to him.  The plaintiff brought this

action to recover for services of the claimed value of $2500 rendered during the twenty-five years that she lived in his house. The defendant filed an answer denying all allegations supporting an agreement of any nature by the decedent to pay for the plaintiff's services, that any were rendered or were of value, and a counterclaim for rent of the premises. The jury rendered a verdict for the plaintiff to recover $2175. The defendant's appeal is confined to claimed errors by the court in charging the jury and in ruling upon evidence.

The court charged as to the elements essential to a cause of action upon an express contract by the decedent to leave his farm to the plaintiff in return for her services and further explained that if they found that there was such a contract and that the decedent had failed to leave the farm to the plaintiff by will as agreed, while under the law an action to specifically enforce it could not be maintained, the plaintiff would be entitled to recover the reasonable value of her services. Of this part of the charge the defendant makes no complaint. The court then continued that even though "there was no agreement made on the part of Mr. Birden to leave the farm by will . . . to the plaintiff in return for her efforts, that nevertheless" she might recover therefor upon an implied contract upon proper proof offered. Several of the errors assigned relate to the court's language concerning this second ground of liability. The defendant contends that the plaintiff's claim filed with him as administrator and her complaint predicated thereon, set forth as consideration for the services rendered a promise by his decedent to devise her a farm, with no allegation of either promise by the decedent to pay or of expectation by the plaintiff to receive money for such services, and that therefore there can be no recovery

upon quantum meruit as charged by the court. This part of the charge is not attacked as incorrect in its subject-matter upon the issue of implied contract, but solely as submitting to the jury a cause of action not within the allegations of the complaint, and so one of which the defendant was not apprised by the pleadings.

In so far as the complaint itself is concerned, while it is true that two of its paragraphs to which the defendant directs attention, do set forth the decedent's express agreement to devise the farm to the plaintiff, and her services performed in reliance thereon, they further allege that the decedent "requested the plaintiff to care for him and assist him . . . in working his farm and to renovate his tenement houses . . . ," and that "in compliance with said request and in consideration of the promises above described, the plaintiff rendered services. . . ." The complaint goes on to allege the services to be reasonably worth $2500, the plaintiff's claim filed in that amount for work done for the decedent, his failure to pay by will, and her claim of $3000 damages. These further allegations taken by themselves are therefore sufficient to support an action upon quantum meruit, either for services rendered at the decedent's request or under circumstances revealing the plaintiff's expectation to be paid therefor, with knowledge of which the decedent availed himself of the services, as well as one upon his express promise to pay for them by devising the farm. "The most that can be claimed is that the contract alleged was for an agreed price, and that the plaintiff did not prove the price so alleged to have been agreed upon; and the court rendered judgment for the reasonable value of the work and labor performed. This was not error." *Brewster* v. *Aldrich,* 70 Conn. 51, 53, 38 Atl. 894. The lack of an allega-

tion of the decedent's promise to pay and the plaintiff's expectation to receive money for the services, claimed by the defendant to be essential to an action on quantum meruit, amounts at most to no more than a failure to state the plaintiff's claim with the fullness and clarity desirable. Such a defect of form in the statement of her cause of action is not one which can be taken advantage of after issue joined and a trial of the case upon its merits. *Woodbridge Ice Co.* v. *Semon Ice Cream Corp.,* 81 Conn. 479, 484, 71 Atl. 577; *Johnson* v. *Shuford,* 91 Conn. 1, 4, 98 Atl. 333; *Taylor* v. *Lounsbury-Soule Co.,* 106 Conn. 41, 49, 137 Atl. 159.

A further statement of the claim filed by the plaintiff, supplementing her complaint, recited a promise by the decedent to give the plaintiff a home for life in return for her assistance on the farm, and the services rendered by her in pursuance of this agreement. This was elicited by a motion and order seeking to obtain particulars as to the nature of the items claimed by the plaintiff, as distingished from a further statement of the basis of liability therefor. This aside, however, this further pleading cannot be interpreted as rendering inoperative the complaint's allegations above recited concerning the plaintiff's services rendered under circumstances raising an implied promise to pay. It afforded a notice to which the defendant was entitled, of the plaintiff's intent to try to prove an express agreement, but taken in connection with the complaint, did not preclude her claim of an implied contract should evidence insufficient to prove the express contract avail to establish one on quantum meruit. That counsel as well as court considered the question of liability upon quantum meruit to be in the case as pleaded, is demonstrated by the record. The finding shows that upon this issue the

plaintiff's claims and offers of proof were, that her services performed for the decedent were valuable to him and were rendered under circumstances that would imply an agreement by him to pay therefor and the plaintiff's expectation to be reimbursed for them, and further that she had a right to collect therefor under quantum meruit, while those of the defendant were that whatever the plaintiff did was done without expectation of pay and because of a relationship between the parties which naturally included an exchange of favors between them. This negatives the defendant's contention that he was not apprised that the plaintiff was claiming to recover on an implied contract. The allegations contained in her pleadings were sufficient to warrant a verdict upon the ground of implied contract.

The further question remains as to whether the plaintiff's claim filed with the defendant as administrator was sufficient to support a recovery upon quantum meruit. The complaint alleges, in addition to the claim filed on April 6th, 1936, referred to in the above recital of the complaint, that on July 2d, 1936, the plaintiff "filed a claim giving a more particular statement as to her claim." This is not made a part of the complaint. Alleging work valued at the same amount as in the original claim, it supplements the wording of the latter, which by itself was unquestionably broad enough to include a claim upon quantum meruit, by adding that this work was done in reliance upon the decedent's express promise. The nature and purpose of such a claim as explained by the decisions of this court afford a sufficient answer to the argument that the filing of this second claim was effective to preclude her recovery upon an implied contract. The written statement of claim, presentation of which is required by § 4915 of the General Statutes, while a

condition precedent to a suit of this nature, need not necessarily measure up to the strict standards of a pleading in an action at law. "The form of the writing is of little importance so long as it furnishes information to the executor of the extent of the demand and the character of the transaction out of which it grew." *Roth* v. *Ravich,* 111 Conn. 649, 654, 151 Atl. 179, and cases cited; 1 Cleaveland, Hewitt & Clark, Connecticut Probate Law and Practice, p. 257, § 205. Until Chapter 75 of the Public Acts of 1911, now § 4915, was adopted there was no requirement that such claim need be even reduced to writing. The purpose of the statute is to enable the administrator to perform his duties in acting upon claims against the estate, by letting him know what the claim is, and giving him the opportunity to examine and pass upon it. *Grant* v. *Grant,* 63 Conn. 530, 546, 29 Atl. 15. ". . . the form of the presentation of claims . . . is not a matter of great importance, so long as the existence of the claim is shown and its character may be reasonably understood. . . ." *Cothren's Appeal,* 59 Conn. 545, 549, 22 Atl. 297; *Huntington's Appeal,* 73 Conn. 582, 584, 48 Atl. 766. And this court, in referring to a claim presented to commissioners of an insolvent estate, which is of similar character, has said: "But technical rules applicable to pleadings in cases in courts of law are not to be insisted upon before commissioners on insolvent estates. . . . The presentation of claims is not a technical proceeding." *Mead's Appeal,* 46 Conn. 417, 428. The two claims taken together fairly informed the administrator that the plaintiff had a claim for compensation for services rendered the deceased and afforded him a basis for examining into the matter and reaching a conclusion as to whether or not the plaintiff was entitled to payment for the reasonable value of those services.

The remaining error assigned as to the charge relates to the court's instruction in effect that the filing with the defendant of the plaintiff's claim of July 2d which stated the value of the farm work she had performed for the decedent to be $1000, of the nursing $500, and of the work on the tenement houses $1000, did not limit her recovery for any of those kinds of work to the amounts respectively stated, but that "on the contrary her claim, limited to $2500, is asserted for services of various and sundry kinds rendered Mr. Birden during his lifetime, and if you find that she rendered services in any or all of the manners alleged, and are able to find from the evidence the reasonable value of those services, whether $2500 or less, it would be the guide to your verdict because as I said it isn't as though there were three claims here, one for farm work, one for fixing tenements, and one for nursing this man, but in fact a claim . . . for doing certain things and . . . her bill for what she has done is $2500." The defendant claims that this charge is erroneous in that it departs from and enlarges the issue made by the plaintiff's claim to the administrator, and by the pleadings.

Since it stands admitted upon the complaint and answer that this claim of July 2d constituted a more particular statement of the plaintiff's original claim, and its allegations expressly apportion the $2500 total reasonable value of the services among the three particular items of service, each of the nature and total value expressly stated, if strict rules of pleading are to be applied, it may be that the plaintiff could not recover for any one kind of service a sum in excess of that stated as the value thereof. As is clear from the authorities above referred to, however, those rules do not apply. Within the principles laid down by those decisions we conclude that the two claims presented

by the plaintiff taken together fairly informed the defendant that she had a claim for services for the period and of the general nature stated for $2500, and that the itemization referred to in the second claim did not restrict her right of recovery for each of the three sorts of service to the particular value stated in connection therewith. This constituted a descriptive approximation rather than a limitation. This conclusion accords with legislative policy as to claims against insolvent estates which we have said are of similar character, as indicated by the enactment of § 5544 of the General Statutes, specifically providing for the amendment of the claim when it comes into court so long as the "ground of action" be not changed, a statute interpreted by this court in *Huntington's Appeal,* supra, 585. The court did not err in its charge upon this point.

The three remaining assignments of error relate to rulings upon evidence. Post cards sent to the decedent by his granddaughter, offered by the defendant to show the cordial relationship of the decedent with his family, as bearing upon the probability of his entering into the arrangement claimed by the plaintiff, were perhaps relevant evidence but their exclusion because of remoteness was within the discretion of the court. *State* v. *Isaacson,* 114 Conn. 567, 571, 159 Atl. 483; *Knox* v. *Binkoski,* 99 Conn. 582, 586, 122 Atl. 400. A letter written by the decedent to his son in 1934, offered, so far as the finding discloses, solely to show the activities of the decedent at that time, was properly excluded.

The defendant offered in evidence the decedent's diary for the year 1923 to contradict the plaintiff's claim that during that year she rendered extensive services in nursing him while suffering from abscesses in his head. It was claimed, not on the ground that it

contained entries referring to such services, but because of the fact that it made no mention of any such sickness or of any nursing by her. A comparison of this with other of the decedent's diaries in evidence for other years before and after 1923, reveals that in it, as in them, he kept a methodical and meticulous day-by-day record not only of what he did, but of how he felt and what transpired as observed by him. The 1923 entries show the decedent to have been sick on seven days in all during the year, ailing with minor maladies, but that every day during the year with the exception of three of these seven, he was up and about doing manual work of one kind or another. In view of these detailed entries and their unusual completeness, the lack of any mention of abscesses or of nursing by the plaintiff rendered this diary relevant to the matter in issue within § 5608 of the General Statutes, and of material probative force to contradict the allegations in the plaintiff's claim of July 2d, and her offers of proof that the decedent was disabled by abscesses during 1923 and was nursed by her for them. The court erred in excluding this evidence. Nursing was an important part of the services the plaintiff claimed to have rendered and involved a substantial amount of the total damages claimed. We cannot say that the exclusion of such apparently cogent evidence did not materially prejudice the defendant's case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.