First Methodist Church of Norwalk *v.* Estate of Ella Palmer

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued January 9—decision released February 11, 1975

*Peter J. Strassberger,* with whom, on the brief, was *Richard S. Weinstein,* for the appellant (plaintiff).

*Robert A. Fuller,* for the appellee (defendant).

Per Curiam. This is an appeal from a judgment of the Superior Court in Fairfield County which dismissed an appeal from a decree of the Probate Court for the district of Norwalk which extended the time for the presentation of claims against the estate of Ella Palmer, deceased. The Probate Court had limited the time for the presentation of claims against the estate to three months from September

21, 1972. Bernadette Palmer, a claimant, had retained an attorney to file a claim on her behalf. The attorney mistakenly listed the last day for filing claims as December 26, 1972. He was at home ill during December and, on December 21, was called by his client about filing her claim. He was unable to arrange to file the claim on that date but did file it the following day, one day late, together with a motion for extension of time in which to file a claim. Due to his illness, the hearing on the motion for an extension of time was postponed and held at a later date when the Probate Court extended the time for filing claims and the claim was again filed during that extended period. The First Methodist Church of Norwalk, a residuary legatee, appealed from the decree of the court extending the time for filing claims against the estate.

Section 45-205 of the General Statutes authorizes a Probate Court to require the presentation of claims within three to twelve months from the date of the order and further provides that the court may "for cause shown" limit a further time for the presentation of claims and may "if any creditor, through no default of his own, has failed to present his claim within the time limited, for cause shown upon hearing after public notice, extend the time for such creditor to present his claim not more than thirty days beyond the period which it might have originally limited."

On appeal to the Superior Court, that court concluded that the Probate Court had not abused the discretion vested in it by § 45-205 of the General Statutes and dismissed the appeal. We find no error in that decision and judgment.

There is no error.