MARTIN SCHWARZSCHILD *v.* IRENE BINSSE ET AL., ADMINISTRATORS (ESTATE OF EDWARD A. BINSSE)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 4, 1975—decision released February 10, 1976

*John J. Graubard,* with whom, on the brief, were *Sydney C. Kweskin* and *Henry L. Goldstein,* for the appellant (plaintiff).

*Harry Cohen,* with whom, on the brief, was *Andrew Wittstein,* for the appellees (defendants).

BARBER, J.    The plaintiff brought this action against the administrators of the estate of Edward A. Binsse. The complaint, as amended, alleges that a joint and several note in the amount of $95,273, executed by Edward A. Binsse and others, and payable to the plaintiff, has not been paid; that Edward A. Binsse died on or about June 3, 1973; that a sworn statement in writing of the plaintiff's claim was presented by certified mail and received by Irene Binsse, who is one of two administrators of the estate, on or about June 28, 1973; and that the claim was disallowed on or about August 29, 1974. Annexed to the complaint as "Exhibit B" is an order and decree of the Probate Court for the district of New Milford, dated July 26, 1973, granting letters of administration to Irene Binsse and William H. Binsse, and ordering that all claims against the

estate of Edward A. Binsse "be presented to the fiduciary on or before October 26, 1973." The order of the Probate Court also directs the fiduciary to "Make Due Return of Compliance with this Order of Notice," but compliance is not alluded to in the complaint, nor does it appear from the exhibit itself. The parties also stipulated before the trial court that facts appearing in an application for administration (reprinted in the appendix to the appellant's brief) might be considered by the court in determining a demurrer to the complaint.[1] This application discloses that on June 25, 1973, Irene Binsse, the decedent's widow, and William H. Binsse, the decedent's son, petitioned the Probate Court to be appointed fiduciaries of the estate, and agreed that if appointed they would accept this position of trust.

The defendants demurred to the complaint on the ground that it does not allege that notice of the claim of the plaintiff was presented to a fiduciary, as required by § 45-205 of the General Statutes,[2]

---

[1] In deciding a demurrer, allegations in a pleading must be given the same favorable construction that a trier would be required to give in admitting evidence under them; *Stradmore Development Corporation* v. *Commissioners*, 164 Conn. 548, 550, 324 A.2d 919; and in ruling upon a demurrer, grounds other than those specified will not be considered. *Turrill* v. *Erskine*, 134 Conn. 16, 19, 54 A.2d 494. Since the parties in this case stipulated before the trial court that the application for administration, although not alleged in the complaint, might be considered in determining the demurrer, we will also consider it. See *Santoro* v. *Kleinberger*, 115 Conn. 631, 633–34, 163 A. 107.

[2] "[General Statutes] Sec. 45-205. LIMITATION OF TIME FOR PRESENTING CLAIMS. The court of probate may order executors and administrators to cite the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, as it limits, by posting a notice to that effect on the sign-post nearest to the place where the deceased last dwelt and in the same town or by publishing the same in a newspaper having a cir-

within the time limited by the order of the Probate Court. The court sustained the demurrer without memorandum of decision, and, upon failure to plead over, judgment was rendered against the plaintiff, from which judgment he has appealed.

"It is settled law that § 45-205 . . . imposes a condition precedent to a legal recovery against a solvent estate. *Grant* v. *Grant,* 63 Conn. 530, 546, 29 A. 15. In an action on a claim, the due presentation of the claim is a necessary allegation in the complaint and, lacking such allegation, the complaint is demurrable. *Duvall* v. *Birden,* 124 Conn. 43, 48–49, 198 A. 255; *Lewisohn* v. *Stoddard,* 78 Conn. 575, 595, 63 A. 621; *Grant* v. *Grant,* supra; 2 Locke & Kohn, Conn. Probate Practice § 520; see *Freda* v. *Smith,* 142 Conn. 126, 132, 111 A.2d 679; *Costello* v. *Costello,* 134 Conn. 536, 538, 59 A.2d 520." *State* v. *Goldfarb,* 160 Conn. 320, 325, 278 A.2d 818. The issue raised by the demurrer is whether a notice of claim against an intestate estate that is presented to a surviving spouse during the interim period between her application for administration and her subsequent appointment and the order of limitation of time for presenting claims is sufficient. We have not previously had occasion to decide the precise issue.[3]

---

culation in the probate district in which such estate is in settlement, or both, and by such further notice as such court deems necessary, or, if such deceased was not a resident of this state, by posting such notice on such signpost in the probate district in which such estate is in settlement, and by such other notice as such court may direct. If any creditor fails to exhibit his claim within the time limited by such order, he shall be barred of his demand against such estate . . . ."

[3] Although the plaintiff's statement of issues in his brief includes an attack on the adequacy of notice of limitation of time for presenting claims as provided in § 45-205 of the General Statutes, this issue is not raised by the pleadings and we do not consider it.

The Statute of Nonclaim is designed to protect the estate and facilitate its speedy settlement by ensuring that the fiduciary is given timely notice of all claims; *Lubas* v. *McCusker,* 153 Conn. 250, 254, 216 A.2d 289; *Roth* v. *Ravich,* 111 Conn. 649, 653, 151 A. 179; 2 Locke & Kohn, Conn. Probate Practice § 466; and by barring any claims not presented within the time limited. *Gay's Appeal from Probate,* 61 Conn. 445, 450, 23 A. 829; 2 Locke & Kohn, op. cit. § 470; 31 Am. Jur. 2d, Executors and Administrators, § 291.[4] Although the claim must be in writing; General Statutes § 45-206; the presentation of a claim is neither a formal nor technical proceeding. *Duvall* v. *Birden,* 124 Conn. 43, 48, 198 A. 255. A claim must be brought to the attention of the fiduciary by some action by or on behalf of the claimant, but the form of the presentation is of little importance so long as it furnishes sufficient information of the extent and character of the claim. *Roth* v. *Ravich,* supra, 654.

The defendants contend that § 45-205, which requires that claims be presented "within" the time limited, requires that claims be presented during the interval between the appointment of the fiduciary and the date set by order of the Probate Court. "Statutes are to be construed in light of their legislative history, their language, the purpose they are to serve, and the circumstances surrounding their enactment." *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 97, 291 A.2d

---

[4] It has been held that a nonclaim statute cannot be extended by application of the rule of waiver or estoppel. *In re Ropp,* 142 Ind. App. 1, 5, 232 N.E.2d 384. It should be noted that in the case now before us there is no contention that the time for the presentation of claims should be extended. The issue raised is whether the presentation of the plaintiff's claim was sufficient to satisfy the requirements of § 45-205.

721; see *Kellems* v. *Brown,* 163 Conn. 478, 502, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678. The meaning of "within" is " 'not longer in time than'; Webster's New International Dictionary (2d Ed.); 'not later than.' 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word 'within' is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended." *Lamberti* v. *Stamford,* 131 Conn. 396, 398, 40 A.2d 190; see *Bielan* v. *Bielan,* 135 Conn. 163, 164 n.1, 62 A.2d 664; see also *Amercoat Corporation* v. *Transamerica Ins. Co.,* 165 Conn. 729, 732, 345 A.2d 30, wherein a request for a jury trial that had never been recalled was considered a continuing authority to the clerk to place the case on the jury docket. Since the purpose of the statute is to expedite the settlement of estates and is "not to furnish a vehicle by which executors or administrators may refuse to apply the assets of an estate to the payment of debts"; *Park County* v. *Blackburn,* 394 P.2d 793, 795 (Wyo.); we are compelled to hold that the word "within" as used in § 45-205 means not later than the termination date of the limitation order, but does not require that claims be presented after the appointment of the fiduciary. *In re Kruse,* 170 Kan. 429, 433, 226 P.2d 835; see *Levert* v. *Read,* 54 Ala. 529, cited in *People's Holding Co.* v. *Bray,* 118 Conn. 568, 572, 173 A. 233.

The defendants' second argument is that all claims must be presented to a duly appointed fiduciary, and since Irene Binsse had not yet been appointed administratrix on June 28, 1973, the presentation of the claim to her on that date did not satisfy the requirements of § 45-205. Although the Probate Court order states that "all claims against

the above estate be presented to the fiduciary," § 45-205 itself requires only that creditors "bring in their claims against such estate" and that if a creditor fails "to exhibit his claim" within the time limited he shall be barred of his claim against the estate.[5] Nor does the case of *Rich* v. *Dixon*, 153 Conn. 52, 212 A.2d 417, cited by the defendants, support their argument. In the *Rich* case, the complaint alleged and the parties stipulated that written notice of the claim for damages was given to the defendant, or temporary administratrix. It was not alleged, nor did it appear, that letters of administration had been granted on the estate. The court concluded that a temporary administratrix is not the proper person against whom suit may be brought or to whom notice of claims founded upon tort must be given pursuant to § 45-210.

In this case the claim of the plaintiff was presented after Irene Binsse and a son of the decedent had made formal application to the Probate Court for appointment as fiduciaries and had declared in writing that they would accept that position of trust. Irene Binsse, to whom the plaintiff presented his written claim, was the surviving spouse of the decedent and was not only entitled to priority in the granting of letters of administration but also

---

[5] General Statutes § 45-208 provides that, whenever the fiduciary is a nonresident, claims may be left with the judge of probate. Also, the Probate Court "may, for cause shown upon hearing after public notice, limit a further time for the presentation of claims not exceeding the period which it might have originally limited; and may, if any creditor, through no default of his own, has failed to present his claim within the time limited, for cause shown upon hearing after public notice, extend the time for such creditor to present his claim not more than thirty days beyond the period which it might have originally limited." General Statutes § 45-205; see *First Methodist Church* v. *Estate of Palmer*, 167 Conn. 619, 620, 356 A.2d 901.

to a distributive share of the estate. General Statutes §§ 45-195, 45-274. Irene Binsse is the same individual who, as one of the administrators, presumably had the claim under consideration until on or about August 29, 1974, when the defendants disallowed the claim. The situation is much the same as in the case of *Brown & Bros.* v. *Brown,* 56 Conn. 249, 14 A. 718, where the court held that knowledge and possession of an individual was also his knowledge and possession as a fiduciary. See also *Goess* v. *Hartford-Connecticut Trust Co.,* 19 F. Sup. 880 (D. Conn.).

We are of the opinion that the claim of the plaintiff, which was in writing and verified, was presented to Irene Binsse within the time for the presentation of claims and while an application for administration was pending. Presumably she had such claim in her possession when she was formally appointed one of the administrators and continued to hold it until after her appointment and well after the time ordered for the presentation of claims. See *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552, 219 A.2d 225. It is not disputed that one administrator may receive a claim and act upon it. *Husted* v. *Hoyt,* 12 Conn. 160, 164. Under the circumstances, it would be repugnant to all sense of justice not to conclude that the plaintiff's claim was properly presented. Accordingly, we conclude that the presentation of the plaintiff's claim under the circumstances was sufficient and satisfies the provision of § 45-205.

There is error, the judgment for the defendants is set aside, and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.