STATE OF CONNECTICUT *v.* MARY GRIFFIN,
ADMINISTRATRIX (ESTATE OF
EDWARD F. DORAN)

HOUSE, C. J., BOGDANSKI, LONGO, BARBER and MACDONALD, JS.

Argued April 15—decision released August 3, 1976

*Richard J. Lynch,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (plaintiff).

*David C. Wichman,* for the appellee (defendant).

LONGO, J. The plaintiff, the state of Connecticut, brought this action against the defendant, Mary Griffin, as the administratrix of the estate of Edward F. Doran, to recover the cost of Doran's maintenance while he was a resident of the Veterans Home and Hospital in Rocky Hill. The defendant administratrix filed a special defense, contending that the plaintiff failed to present its claim in the manner and within the time required by § 45-205,[1] the so-called nonclaim statute. Each party to the action filed a motion for summary judgment. After a hearing in the Superior Court, the court found that there was no genuine issue as to any material

---

[1] "[General Statutes] Sec. 45-205. LIMITATION OF TIME FOR PRESENTING CLAIMS. The court of probate may order executors and administrators to cite the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, as it limits, by posting a notice to that effect on the signpost nearest to the place where the deceased last dwelt and in the same town or by publishing the same in a newspaper having a circulation in the probate district in which such estate is in settlement, or both, and by such further notice as such court deems necessary, or, if such deceased was not a resident of this state, by posting such notice on such signpost in the probate district in which such estate is in settlement, and by such other notice as such court may direct. If any creditor fails to exhibit his claim within the time limited by such order, he shall be barred of his demand against such estate . . . ."

fact and granted the defendant's motion for summary judgment, concluding that § 45-205 barred recovery by the state. Judgment was subsequently rendered for the defendant and the state has appealed from that judgment, assigning error in the trial court's findings of fact and conclusions of law.

As a preliminary matter we find it necessary to make two corrections of the court's findings of fact. First, the trial court failed to adopt the state's request that the court find that the Veterans Home and Hospital expected the defendant to file for papers of administration for her brother's estate. This fact appeared clearly in the state's affidavit and was not disputed by the defendant. We find it material to the state's case and we, therefore, correct the court's failure to include it in its findings of fact. Practice Book § 628 (a). We also find merit in the state's second assignment of error in which it disputes the court's finding that both parties requested summary judgment "on an agreed stipulation of facts." No such stipulation existed and we correct the court's finding pursuant to Practice Book § 628 (c). Assignments of error relating to the trial court's conclusions of law will be considered later in this opinion.

The underlying facts are contained in the parties' affidavits. In accordance with the provisions of General Statutes § 27-108,[2] the Veterans Home and

---

[2] "[General Statutes] Sec. 27-108. ADMISSION. DISCHARGE. TRANSFER. PAYMENT. . . . (c) The commission shall determine the sum to be paid by such applicants as it admits to the home or a hospital, who, in the judgment of the commission, are able to pay in whole or in part for their support, and fix the amount to be paid for medical and surgical care or treatment, food and clothing furnished such veterans at the home or at a hospital. . . ."

Hospital Commission determined that the estate of the decedent was able to pay, in whole or in part, for the food, clothing, medical treatment and hospital care furnished to him at the state's expense at various times from May 31, 1950, to his death on January 5, 1974. The state, therefore, sought reimbursement totaling $45,611.33 from the decedent's estate of some. $8,734.97. By letter dated January 28, 1974,[3] the office of the attorney general, on behalf of the commission, notified the defendant, who was the sole heir to her deceased brother's estate, of the commission's claim against the estate of Edward F. Doran, and requested that she notify the attorney general's office of her appointment as administratrix. On February 11, 1974, the defendant applied to the Probate Court for the district of Manchester for letters of administration of her brother's estate, and on March 11, 1974, the court appointed her administratrix. On the same day, public notice of the Probate Court's order citing all creditors having claims against the estate to present them to the fiduciary on or before June 11, 1974, was published in the newspaper pursuant to § 45-205. The administratrix did not respond to the plaintiff's letter of January 28, 1974, and on June 11, 1974,

---

[3] "Dear Mrs. Griffin:

On January 5, 1974, Edward F. Doran died. The Veterans Home and Hospital Commission has a claim in the amount of $45,611.33.

We understand that you will make application for the appointment of administratrix. If and when you are so appointed, please notify us of that fact so that we may make a formal claim with you against the above-captioned estate.

Very truly yours,

ROBERT K. KILLIAN
Attorney General"

the state sent another letter to the defendant,[4] inquiring whether she had yet been appointed as administratrix. Subsequently, on June 13, 1974, two days after the date limited by the court for presentation of claims against the estate, the state submitted a more formal statement of its claim. The defendant disallowed the claim on June 18, 1974, and the state instituted this suit.

In its brief, the state contends that the court erred in concluding that the defendant properly disallowed its claim on the basis that it was barred by § 45-205, and argues that its letter of January 28, 1974, to the defendant was sufficient in form, content, and time of presentation to present adequately its claim. The defendant administratrix responds that the letter sent to her on January 28 was not a claim because it made reference to filing a formal claim at a later time; that when the letter was sent she was neither administratrix nor had she made application to become administratrix of her brother's estate; and that the letter of January 28, 1974, was not delivered within the time limit for presentation of claims contained in § 45-205. Concisely stated, the issue for our consideration is

---

[4] "Dear Mrs. Griffin:

On January 28, 1974, we notified you that the Veterans Home and Hospital has a claim in the amount of $45,611.33 against the above-named estate, inasmuch as our records indicated that you intended to make application for appointment as administratrix.

Our letter to you requested that you advise us as to your intentions. As of yet we have not received a reply. Please inform us as to whether you have been appointed administratrix, or if you decided not to make application, the name and address of the individual who has been appointed. We would appreciate an expeditious response.

Very truly yours,

ROBERT K. KILLIAN
Attorney General"

whether the trial court erred in concluding that there had not been a valid presentation of the state's claim against the estate of Edward F. Doran.

As we recently stated in *Schwarzschild* v. *Binsse,* 170 Conn. 212, 215, 365 A.2d 1195, citing *State* v. *Goldfarb,* 160 Conn. 320, 325, 278 A.2d 818: "It is settled law that § 45-205 . . . imposes a condition precedent to a legal recovery against a solvent estate. *Grant v. Grant,* 63 Conn. 530, 546, 29 A. 15." It is also settled that the state of Connecticut must comply with § 45-205. *State* v. *Goldfarb,* supra, 326. Compliance with § 45-205 must be measured by reference to its purpose, which is to protect the estate and to "enable the administrator to perform his duties in acting upon claims against the estate, by letting him know what the claim is, and giving him the opportunity to examine and pass upon it." *Duvall* v. *Birden,* 124 Conn. 43, 49, 198 A. 255; *Grant* v. *Grant,* 63 Conn. 530, 546, 29 A. 15. This court has long recognized that this purpose is not served by making the presentation of claims a technical proceeding. *Mead's Appeal,* 46 Conn. 417, 428. A claim must be brought to the attention of the fiduciary by or on behalf of the claimant, but the form of the presentation is of little importance so long as it sufficiently apprises the fiduciary of the extent and character of the claim. *Roth* v. *Ravich,* 111 Conn. 649, 654, 151 A. 179; *Huntington's Appeal,* 73 Conn. 582, 584, 48 A. 766; *Cothren's Appeal,* 59 Conn. 545, 549, 22 A. 297. The state's letter of January 28 to the defendant conveyed the exact amount of the claimed indebtedness. It identified the creditor, thereby alerting the defendant to the nature of the claim since she was fully aware that her brother had resided at various times at the Veterans Home and

Hospital. The letter also stated an unequivocal intention to pursue the claim. The state's intention to pursue the claim was coupled with a statement of its expectation that the defendant would apply for letters of administration. It was reasonable for the state to expect Mary Griffin to become administratrix in light of the fact that she was the decedent's sister and sole heir. Though the state stated in the letter that it would file a "formal claim" when the defendant was appointed administratrix, it is clear that the state intended its letter of January 28 as notice to the future administratrix of its claim against the estate. See *Dime Savings Bank* v. *McAlenney,* 76 Conn. 141, 55 A. 1019.

We are satisfied that the form and contents of the letter of January 28 fulfilled the purpose to be furthered by § 45-205. The letter notified the defendant that the state had a claim for compensation for services rendered the deceased and afforded her ample opportunity, when appointed administratrix, to examine the matter and conclude whether to honor or reject the claim. See *Duvall* v. *Birden,* supra, 49.

We find without merit the defendant's claim that her knowledge of the state's claim was gained casually. Clearly, it would not have been sufficient for the administratrix to have casually learned of the existence of the claim. See *Pike* v. *Thorp,* 44 Conn. 450. The claimant must alert the fiduciary of its claim through some overt act. *Roth* v. *Ravich,* supra, 653; *Brown & Bros.* v. *Brown,* 56 Conn. 249, 251–52, 14 A. 718. The state's letter was an overt act informing the defendant of the existence of a claim against the estate of the decedent. It stated the amount and nature of the claim, and was

presented to Mary Griffin as the person the state reasonably expected to be appointed administratrix, with the purpose of having the obligation honored in the division of the estate. Locke & Kohn, Conn. Probate Practice § 500, p. 552. The information was not casually learned by her when she became administratrix since it had been presented to her in writing two weeks prior to her application for appointment.

The state further contends that the trial court erred in concluding that actual knowledge of the claim gained by presentation to the defendant prior to her appointment did not constitute presentation to the administratrix within the terms of § 45-205. In our recent decision in *Schwarzschild* v. *Binsse,* supra, we held that notice of a claim against an intestate estate that was presented to the surviving spouse after her application for appointment but before her appointment as administratrix satisfied § 45-205. We stated (p. 219): "Presumably she had such claim in her possession when she was formally appointed one of the administrators and continued to hold it until after her appointment and well after the time ordered for the presentation of claims. . . . Under the circumstances, it would be repugnant to all sense of justice not to conclude that the plaintiff's claim was properly presented."

The present case differs only in that the defendant received written notice of the state's claim prior to applying to the Probate Court for appointment as administratrix of her brother's estate. It was not crucial to our decision in *Schwarzschild* that the defendant had applied to the Probate Court for letters of administration when she received the claim. Rather, our decision in *Schwarzschild* was based on the fact that the claim was made to the

surviving spouse of the decedent, who, as such, was entitled to priority in the granting of letters of administration and to a distributive share of the estate, and on the fact that the claim was made shortly before her appointment as administratrix when it was reasonable to expect that she would be appointed. *Schwarzschild* v. *Binsse,* supra. The situation in the present case is quite similar. The defendant, recipient of the claim, was the decedent's sister and the sole heir of his estate. She was the only person who could reasonably have been expected to apply for letters of administration, and the state acted promptly after the decedent's death to assure that its claim would be included in the distribution of the estate's assets by presenting its claim to her only two weeks before she applied for appointment as administratrix. Since it is agreed that Mary Griffin had actual knowledge of the state's claim on or about January 28, 1974, we may presume, as we did in *Schwarzschild,* that she had the claim when she was formally appointed administratrix on March 11, 1974.

The defendant contends further that the use of the word "within" in § 45-205 bars the presentation of claims prior to the appointment of an administratrix. Section 45-205 provides only that the Probate Court may order executors and administrators to cite the creditors of the estate in settlement before it to bring in claims against the estate "within such time, not more than twelve months nor less than three months, as it limits." We held in *Schwarzschild* (p. 217) that "[s]ince the purpose of the statute is to expedite the settlement of estates and is 'not to furnish a vehicle by which executors or administrators may refuse to apply the assets of an estate to the payment of debts'; *Park County* v.

*Blackburn,* 394 P.2d 793, 795 (Wyo.); we are compelled to hold that the word 'within' as used in § 45-205 means not later than the termination date of the limitation order, but does not require that claims be presented after the appointment of the fiduciary. *In re Kruse,* 170 Kan. 429, 433, 226 P.2d 835."

We find that the state presented notice of its claim against the intestate estate to the sole heir after the decedent's death and after the claimant had a reasonable expectation that the defendant would be appointed administratrix. We are not persuaded that the state's claim should be barred by § 45-205 because notice of its claim was presented a short time prior to the defendant's application for appointment and subsequent appointment as administratrix. Though the state may not be totally free from fault for its failure to pursue more diligently its claim, under the circumstances it would be manifestly contrary to justice to bar its claim.

There is error, the judgment is set aside, and the case is remanded with direction to grant the state's motion for summary judgment.

In this opinion the other judges concurred.