[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Bank of Boston Connecticut, executor of the estate of Harold J. Burns, moves to dismiss the defendant John F. Cavaciuti's third party complaint on the grounds of lack of subject matter jurisdiction. The affidavit of Richard Kittredge, Vice President and Trust Officer of Bank of Boston Connecticut, states that John F. Cavaciuti, the third party plaintiff, has not presented to the fiduciary a claim in writing pursuant to Connecticut General Statutes 45-230g. Section 45-230g provides that every claim shall be presented to the fiduciary in writing. The claim was presented to the fiduciary in the form of a third party complaint served upon the fiduciary. (See Sheriff's Return attached to third party complaint). The third party complaint fully sets forth the claim against the estate.
The purpose of those statutes which require claims to be filed with an executor of an estate is to inform the executor of those claims which may have to be paid out by the estate. See Breen v. Phelps,186 Conn. 86, 101 (1982). A claim must be brought to the attention of a fiduciary by some action by or on behalf of the claimant, but the form of the presentation is of little importance so long as it furnishes sufficient information concerning the extent and character of the claim. Schwarzschild v. Binsse, 170 Conn. 212, 216 (1976). Since service of the third party complaint upon the fiduciary informed the executor of a claim against the estate, the defendant Cavaciuti has properly complied with the requirements of Section 45-230g.
Accordingly, the motion to dismiss the third party complaint is denied.
PICKETT, J.