[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion for Summary Judgment
I
 Introduction and Factual Background
On March 17, 1995, the plaintiff, Centerbank, filed the present complaint against the defendants Alexandre M. Aires, Jose M. Lomba, Anabela A. Lomba, ("the defendants") and Connecticut National Bank seeking to foreclose a mortgage on the defendants' property which was secured by a loan in the principal sum of $119,700.
On May 15, 1995, the defendants filed a disclosure of defense in which they asserted that the plaintiff failed to comply with the notice provisions in paragraph nineteen of the mortgage deed and on May 25, 1995, in their answer and special defense, they repeated the assertion. On June 12, 1995, the plaintiff filed a motion for summary judgment.
 II. DISCUSSION
 A.
Practice Book § 384 provides that summary judgment "shall CT Page 11591 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Connecticut Bank TrustCo. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991); Lees v. Middlesex Ins. Co., 219 Conn. 644,650, 594 A.2d 952 (1991). Although the burden of showing the nonexistence of any material fact is on the party seeking summary judgment, "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ."(Internal quotation marks omitted.) Danziger v. Shaknaitis, 33 Conn. App. 6,9, 632 A.2d 1130 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v.Connecticut Newspaper, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "The test is whether a party would be entitled to a directed verdict on the same facts. . . ." Cortes v. Cotton,31 Conn. App. 569, 573, 626 A.2d 788 (1993).
 B.
The plaintiff argues that it properly gave notice of default to the defendants at the mortgaged premises by certified mail. The plaintiff has submitted a copy of that notice and the return signed by Anabela Lomba. The plaintiff further argues that it has complied in all other respects with the procedures establishing strict foreclosure.
The defendants argue that as the plaintiff failed to issue individual notice to the defendants, the plaintiff failed to comply with the applicable notice statutes and with the notice provisions in the mortgage deed.[1] They further argue that a motion for summary judgment is inappropriate where it challenges the legal sufficiency of a special defense.
1.
Paragraph fourteen of the mortgage deed states in part: "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class . . . . The notice shall be directed to the Property Address or any other address Borrower designates by CT Page 11592 notice to Lender . . . . Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph." Paragraph nineteen of the mortgage deed states, in part: "[l]ender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . ." Finally, paragraph eight of the note entitled "giving of notices" states in part: "Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by mailing it by first class mail or by delivering it to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address."
As the plaintiff's affidavit and exhibits demonstrate, notice was sent to the defendants by certified mail to the property address designated in the mortgage deed. This court believes that the lack of a separate notice to each co-borrower does not frustrate the requirements of the mortgage deed where notice was mailed and received by one of those co-borrowers at the property address. The fact that notice was individually signed for by Anabela Lomba only does not render the notice improper. As noted by the court in Katz v. WestHartford, 191 Conn. 594, 600-601 (1983), in its discussion of notice to joint owners:
 In the case of cofiduciaries notice to one is deemed to be notice to the other. American Surety Co. of New York v. McMullen, 129 Conn. 575, 583, 30 A.2d 564
(1943); Foster v. Mix, 20 Conn. 395, 400
(1850). The same rule applies with respect to a joint tenancy. Conrad v. Hawk, 122 Cal.App. 649, 653, 10 P.2d 534
(1932). It also applies to tenants in common who are jointly pursuing the common purpose of selling, leasing or managing their real estate. Bronnenberg v. Indiana Union Traction Co., 59 Ind. App. 495, 499, 109 N.E. 784 (1915). Furthermore, when an individual owns property, both in an individual and fiduciary capacity, notice to him in one capacity is also notice to him in the other capacity. Schwarzschild v. Binsse, CT Page 11593 170 Conn. 212, 219, 365 A.2d 1195 (1976); Brown Bros. v. Brown, 56 Conn. 249, 251, 14 A. 718 (1888). Since the property appears to be jointly owned, any notice to Lester Katz, either as an individual or a fiduciary, was also notice to co-owner Martin Katz in his individual capacity.
This rule applies here as well. To rule otherwise would be to exalt form over substance. If the defendants were not living at, or had sold the property, it was up to them to advise the bank of a new address. Separate notice to each defendant would not change the outcome. The Defendants Aires and Jose Lomba would have been entitled to receive notice at their new address — if they had given that address to the bank. They did not and cannot now be heard to complain. The notice to the defendants at the address agreed upon by them at the signing of the mortgage was proper.
2.
The defendants also rely heavily on the reasoning ofBemis v. Klewin, 11 Conn. L. Rptr. 202 (March 3, 1994) (Austin, J.) to support their argument that a motion for summary judgment on a special defense is improper. In Bemis, the defendants moved for summary judgment on the ground that the plaintiffs' claims for recklessness were legally insufficient. The court held that "[t]o allow a party to contest the legal sufficiency of a pleading by way of a motion for summary judgment, . . . , would allow a party to substitute a motion for summary judgment for a motion to strike, and, thus, deny the plaintiff the right to replead under Practice Book [§] 157." Id., 203.
In the present case, the plaintiff is not challenging the legal sufficiency of the defendants' special defense, but rather, is merely contesting it on a factual basis. Therefore, the reasoning of Bemis is not applicable.[2]
Furthermore, "[a]s long as the plaintiff establishes the validity of the underlying claim for relief, why shouldn't a court address attacks on the special defense if they are the only matters standing in the way of the decision as to the appropriateness of summary disposition short of trial? . . . . A contrary ruling would in effect mean that whenever a special defense is filed in a case it cannot be disposed of by CT Page 11594 way of summary judgment, at least as long as it raises disputed factual issues. [The Court] can't see any rational reason for imposing such a limitation on summary judgment practice, . . . ." (Citations omitted) Mechanics Savings Bankv. Walker, 14 Conn. L. Rptr. 129 (March 13, 1995) (Corradino, J.).
The motion for summary judgment is accordingly granted.