**Leon E. COOPER, Plaintiff–Appellant,**

v.

**SALOMON BROTHERS INC.,
Defendant–Appellee.**

**Nos. 1685, 1882, Dockets 92–9319, 93–7135.**

United States Court of Appeals,
Second Circuit.

Argued June 1, 1993.

Decided July 20, 1993.

Leon E. Cooper, pro se.

Robert H. Baron, New York City (Cravath, Swaine & Moore, New York City, of counsel), for appellee.

Before: MESKILL and JACOBS, Circuit Judges, and RESTANI,* Judge.

MESKILL, Circuit Judge:

Leon E. Cooper, an attorney, appeals *pro se* from three orders entered in the United States District Court for the District of Connecticut, Burns, J., which, among other things, denied Cooper's motions for preliminary relief, stayed discovery against Salomon Brothers Inc. (Salomon), dismissed Cooper's action in its entirety and imposed sanctions against him pursuant to Fed.R.Civ.P. 11. We dismiss for lack of appellate jurisdiction that portion of the appeal dealing with sanctions, and we dismiss as moot that portion of

* Honorable Jane A. Restani of the United States Court of International Trade, sitting by designa-

tion.

the appeal dealing with the stay of discovery and denial of preliminary relief. In all other respects we affirm the orders of the district court.

This case, although argued on the merits, presents us with certain important jurisdictional questions. The parties conceded at oral argument, and we now hold, that we lack jurisdiction to consider the imposition of sanctions under Fed.R.Civ.P. 11 because the district court has not yet determined the dollar amount of the sanctions. We also hold that our lack of jurisdiction over the issue of sanctions does not taint our jurisdiction over other final decisions rendered in the case. Finally, we hold that we may exercise jurisdiction over the final decisions rendered even though no separate judgment has been entered by the clerk of the district court.

## BACKGROUND

On September 8, 1992, Cooper filed a complaint against Salomon seeking damages of $530 million plus 50 percent of Salomon's equity plus additional costs. The district court had diversity jurisdiction over the case, pursuant to 28 U.S.C. § 1332(a)(1); the plaintiff is a citizen of Connecticut and the defendant retains its principal place of business in New York and is incorporated in Delaware. The complaint alleged that Cooper furnished senior White House officials memoranda that saved Salomon from criminal indictment and that he was therefore entitled to compensation. On November 10, 1992, Cooper amended his complaint (amended complaint) by adding a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO) and by increasing the amount of damages sought to $1.59 billion plus 150 percent of Salomon's equity. Following a warning from Judge Burns that he could be subject to sanctions if he failed to withdraw his amended complaint, Cooper instead filed an "ordered amendment" on December 16, 1992 supposedly curing the defects in his amended complaint.

Cooper appeals three orders of Judge Burns summarized below:

*November 16 Order.* On November 16, 1992, the court granted by endorsement Salomon's motion for a protective order staying discovery pending the disposition of Salomon's motion to dismiss.

*November 18 Order.* On November 18, 1992, the court granted Salomon's motions to set aside an erroneous default and to dismiss the original complaint. The court denied Cooper's motions (1) for entry of default judgment, (2) for sequestration of Salomon's assets, and (3) for an injunction prohibiting Salomon from filing for bankruptcy protection. The court also denied other miscellaneous motions filed by Cooper. Finally, the court denied Salomon's motion for sanctions, but did so without prejudice to a later renewal of the motion.

*January 12 Order.* On January 12, 1993, the court granted Salomon's motions to dismiss the amended complaint and for Rule 11 sanctions. Salomon was ordered to submit affidavits in support of its claim for reasonable attorney's fees. Cooper's "ordered amendment" was deemed not to be part of the pleadings because he had not obtained leave of the court to file this second amendment to his original complaint. *See* Fed. R.Civ.P. 15(a). The court also denied other miscellaneous motions filed by Cooper.

Cooper filed two notices of appeal. The appeals were consolidated on March 18, 1993. No separate judgment has been entered in this case and Judge Burns has not yet calculated the amount of sanctions. However, an entry on the district court docket sheet, dated January 13, 1993, states that the case was closed.

## DISCUSSION

### I. *Jurisdiction*

■ The district court imposed Rule 11 sanctions on Cooper but has not yet reduced the liability to a sum certain. We hold that we lack jurisdiction to review the district court's determination of liability under Rule 11 before it has assessed the amount of the sanctions. Under 28 U.S.C. § 1291, our review is limited to "final" decisions of the district court, decisions in the words of the Supreme Court that "leave[ ] nothing for the

court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Where only liability has been determined, a court cannot execute the judgment before it has assessed the damages. Therefore, the district court's decision here is not "final," and we lack jurisdiction to review it.

At least three of our sister circuits have reached this same conclusion. *See Southern Travel Club v. Carnival Air Lines,* 986 F.2d 125, 129–30 (5th Cir.1993); *Jensen Electric Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1329 (9th Cir.1989); *Gates v. Central States Teamsters Pension Fund,* 788 F.2d 1341, 1343 (8th Cir.1986). At least one circuit, however, has held, presumably based on a novel theory of pendent jurisdiction, that in the interest of orderly judicial administration, an appeals court may review a decision to impose attorney's fees before the amount has been assessed where that non-final decision has been consolidated with other decisions that are final. *Bittner v. Sadoff & Rudoy Indus.,* 728 F.2d 820, 826–27 (7th Cir.1984). Although the *Bittner* Court addressed the imposition of statutory attorney's fees rather than Rule 11 sanctions, that case does resemble ours because Cooper also appeals several orders that by themselves must be considered "final." However, we reject the Seventh Circuit's analysis because we do not believe that an interest in "orderly judicial administration" can justify broadening the jurisdiction of a federal court without congressional approval. We conclude, therefore, that we have no jurisdiction over the imposition of Rule 11 sanctions until the district court reduces the amount of the sanctions to a sum certain.

 Although we lack jurisdiction over the issue of sanctions, we are not barred from considering those decisions of the district court that are final. In *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the Supreme Court ruled that the question of statutory attorney's fees is collateral to, and separate from, the decision on the merits regardless of whether the statute authorizing the attorney's fees characterizes them as part and parcel of the merits judgment. *Id.* at

200–02, 108 S.Ct. at 1720–22. Therefore, under *Budinich,* if a decision has been rendered that standing by itself would "end[ ] the litigation on the merits," *Catlin,* 324 U.S. at 233, 65 S.Ct. at 633, that decision is "final" for purposes of 28 U.S.C. § 1291 even if the district court failed to calculate the amount of statutory attorney's fees.

We recognize that although the case before us bears a significant resemblance to *Budinich,* there are also several distinctions. Here we are asked to address an issue of Rule 11 sanctions and not statutory attorney's fees. Unlike most statutes authorizing attorney's fees, Rule 11 sanctions are often punitive or aimed at deterrence. They are always within the discretion of the court and are usually assessed against the attorney rather than his client.

Despite these ostensible distinctions, we do not believe that for jurisdictional purposes Rule 11 sanctions are substantively different from statutory attorney's fees. To the extent that Rule 11 sanctions are aimed at punishment or deterrence rather than compensation, they appear to be even more collateral to the main action than statutory attorney's fees. And, although many statutes allow attorney's fees to be awarded automatically, *see, e.g.,* 15 U.S.C. § 4304(a)(1), some statutes allow them only in the discretion of the court, *see, e.g.,* 42 U.S.C. § 1988(b). Finally, we believe that the fact that Rule 11 sanctions are normally assessed against the *attorney* and statutory attorney's fees against the *client* also suggests that Rule 11 sanctions are even more of a collateral matter than statutory attorney's fees because Rule 11 sanctions normally will not be part of the final judgment against the client. Of course, here, Cooper is representing himself, so that attorney and client are one and the same, but that fortuity merely bolsters the analogy to statutory attorney's fees in this case. Thus we fail to discern any substantive difference between Rule 11 sanctions and statutory attorney's fees in this jurisdictional context, and we hold that we may exercise jurisdiction over the final decisions rendered in this case even though we lack jurisdiction over the Rule 11 question.

We must address one other question affecting appellate jurisdiction. No separate judgment has been entered by the clerk of the court in this case. The Supreme Court has held, however, that where the "[d]istrict [c]ourt clearly evidence[s] its intent that the opinion and order from which an appeal [is] taken ... represent[s] the final decision in the case," *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (per curiam), *reh'g denied*, 436 U.S. 915, 98 S.Ct. 2259, 56 L.Ed.2d 416 (1978), the parties may "waive[ ] the separate-judgment requirement of [Fed.R.Civ.P. 58]." *Id.* at 388, 98 S.Ct. at 1121. Here, the district court dismissed Cooper's complaint. An entry on the docket sheet states that the case was closed. Salomon did not object to the taking of the appeal in the absence of a separate judgment. We conclude, therefore, that the parties have waived the separate judgment requirement and that we may entertain the appeal.

## II. *The Merits*

Cooper's principal claim on appeal is that Judge Burns erred in dismissing his original complaint. Although the complaint itself fails to specify the basis for relief, the court interpreted his complaint as seeking restitution damages for unjust enrichment under a theory of quasi-contract, in essence a claim for *quantum meruit.* Because this is a diversity case, we must look to state law in deciding the merits. A plaintiff seeking *quantum meruit,* besides proving the reasonable value of the services rendered and the good faith of the performance, must demonstrate (1) that the recipient accepted the services, and (2) that the one rendering the services expected to be paid therefor. *Umscheid v. Simnacher,* 106 A.D.2d 380, 382–83,

482 N.Y.S.2d 295, 298 (2d Dep't 1984);[1] *see generally* I E. Allan Farnsworth, *Farnsworth on Contracts* § 2.20, at 150–52 (1990); *see also Bloomgarden v. Coyer,* 479 F.2d 201, 211 (D.C.Cir.1973) (duty to pay for personal services rendered does not arise where benefit was conferred "gratuitously or officiously"); *Gould v. American Water Works Serv. Co.,* 52 N.J. 226, 230–31, 245 A.2d 14, 16 (1968) (water company not liable in quasi-contract where plaintiff dug wells on his own initiative purely as a volunteer), *cert. denied,* 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 477, *reh'g denied,* 394 U.S. 1025, 89 S.Ct. 1627, 23 L.Ed.2d 51 (1969). There can be no doubt that Cooper was nothing more than an officious volunteer. He never alleged that Salomon requested or accepted his services. That a Salomon official may have thanked Cooper after he had sent the memoranda suggests only that Salomon acknowledged a *fait accompli* ; it does not suggest that Salomon had an opportunity to accept or reject Cooper's services. Finally, we note that Cooper has not alleged any attorney-client relationship with Salomon, and is therefore not entitled to compensation for performing professional services on Salomon's behalf. We therefore agree with the district court's implicit conclusion that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

We also agree with the district court that Salomon did not default, because it is clear that Salomon properly answered the complaint in accordance with Fed.R.Civ.P. 12(a). Finally, Cooper's amended complaint fails to state a claim under RICO and was

---

1. Although we have not found any Connecticut cases directly on point, after reviewing several Connecticut cases discussing *quantum meruit* in general terms, we are confident that the law of *quantum meruit* in Connecticut mirrors the law set forth in *Umscheid. See, e.g., CBS Surgical Group v. Holt,* 37 Conn.Supp. 555, 557, 426 A.2d 819, 821 (1981) (stating that in context of unjust enrichment, recovery based on *quantum meruit* requires " '1. A benefit conferred upon the defendant by the plaintiff; 2. An appreciation or knowledge by the defendant of the benefit; and 3. The acceptance or retention by the defendant

of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value' " (citations omitted)); *Duvall v. Birden,* 124 Conn. 43, 46, 198 A. 255, 257 (1938) (complaint alleging, *inter alia,* that defendant requested plaintiff's services stated a claim for *quantum meruit,* "either for services rendered at the [defendant's] request or under circumstances revealing the plaintiff's expectations to be paid therefor, with knowledge of which the [defendant] availed himself of the services").

therefore properly dismissed. We agree with Judge Burns that an order to withdraw a complaint does not constitute an order to amend it, and therefore the district court properly held that Cooper's "ordered amendment" cannot be considered part of the pleadings.

Because we hold that Cooper's complaints were properly dismissed in their entirety, we dismiss as moot his appeal from the order staying discovery and the order denying preliminary relief. We have considered Cooper's other claims and find them to be without merit.

## CONCLUSION

We dismiss for lack of jurisdiction that portion of Cooper's appeal that is taken from the order granting Rule 11 sanctions. We dismiss as moot that portion taken from the order staying discovery and from the order denying preliminary relief. In all other respects we affirm the orders of the district court.