**Brian R. COPELAND, Plaintiff–Appellant,**

v.

**Cheryl ROSEN and New York City Board of Education, Defendant–Appellees.**

No. 00–9268.

United States Court of Appeals, Second Circuit.

Nov. 19, 2001.

18

Joan Franklin Mosley, New York, NY, for appellant.

Edward F.X. Hart, Corporation Counsel of the City of New York; Michael D. Hess and Leonard Koerner, of counsel, New York, NY, for appellee.

Present MESKILL, WINTER and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby REMANDED for reconsideration.

Brian Copeland appeals from Judge Leisure's dismissal of his complaint without prejudice pursuant to Fed.R.Civ.P. 41(b) and 16(f). Appellant contends first that because his claim is now time-barred, the dismissal without prejudice is in reality a harsher punishment than it seems. Second, he contends that the district court erred in its description of relevant facts and overstated the extent of his counsel's dilatory conduct in the pre-trial stage of this litigation. Although we would be inclined to affirm on the ground that the dismissal was not an abuse of discretion, we believe that we should first be informed of the district court's thinking on two issues. We therefore remand to that court.

We review a district court's dismissal of an action pursuant to Fed.R.Civ.P. 41(b) or 16(f) for abuse of discretion. *See Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir.1996); *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994).

In July 1993, the Board of Education terminated appellant, a black male, from his position as a schoolteacher. On August 20, 1996, he brought the present Title VII action alleging race and gender discrimination. After the withdrawal of his initial counsel in 1997, appellant retained Joan Franklin Mosley, whose subsequent handling of the case led to the dismissal and to this appeal.

Between September 1997 and June 2000, both parties requested and received a number of extensions from the district court. However, while appellees' requests for extensions were usually timely, appellant's requests were often submitted on the eve of deadlines and thus resembled ultimatums. The reasons offered by counsel were usually quite general, often being little more than a confession of having too much business for a sole practitioner. More significantly, on one occasion, when the court was setting a deadline that seemed quite reasonable on its face, appellant's attorney went so far as to inform the court that she did not intend to meet the deadline because she was busy. In the course of this litigation, the district court issued three warnings to the attorney that the case might be dismissed if she continued to cause delays and to violate court deadlines. When appellant's attorney continued her disruptive and dilatory conduct without any sign of her ever conforming to court deadlines, the case was dismissed without prejudice.

■ At oral argument, we *sua sponte* raised the question of whether we had jurisdiction in light of the absence of a separate judgment entered in the district court. *See* Fed.R.Civ.P. 58. We asked for letter briefs from the parties. We have now concluded that appellate jurisdiction exists. Because the decision from which this appeal is taken was clearly a final decision and because appellees do not ob-

ject to the taking of an appeal, the separate document rule of Fed.R.Civ.P. 58 is waived, and the assumption of appellate jurisdiction is proper. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387–88, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam) (holding that where district court clearly evidenced intent to render a final decision and petitioners did not object to taking of the appeal in absence of a separate judgment, the parties are deemed to have waived the separate judgment requirement); *see also Selletti v. Carey,* 173 F.3d 104, 109–10 (2d Cir.1999); *Cooper v. Salomon Bros. Inc.,* 1 F.3d 82, 86 (2d Cir.1993).

■ We also raised at oral argument the question of whether the existence of the present action would toll any applicable statute of limitations and asked that the parties brief this issue also. We did so because the dismissal without prejudice suggests that the district court may have believed that the sanction imposed was a limited one, simply forcing appellant to refile the action.

However, we now conclude that a Title VII action pursuant to 42 U.S.C. § 2000e–5(f) must be brought within 90 days of receipt of an EEOC right-to-sue letter, and the timely filing of a complaint does not suspend the limitations period. *See Minnette v. Time Warner,* 997 F.2d 1023, 1026–27 (2d Cir.1993) (transferring case to another district, rather than dismissing for improper venue, because Title VII plaintiff would be time-barred from refiling); *see also Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992); *Brown v. Hartshorne Pub. Sch. Dist. # 1,* 926 F.2d 959, 961 (10th Cir.1991).

■ The fact that a refiled action would now be time-barred does not necessarily mean that the dismissal is improper. However, we are uncertain whether the

district court intended to impose a sanction less drastic than one that is essentially a final dismissal, and we ask the court to address the appropriateness of dismissal where refiling is barred.

The district court also erred in attributing an adjournment to appellant's attorney. The district court opinion states that appellant's attorney "forced the adjournment of [a trial conference] until February 24, 2000, citing her own convenience," *Copeland v. Rosen*, 194 F.R.D. 127, 129 (S.D.N.Y.2000), and that she "has unilaterally caused significant delays since the close of discovery, beginning with forcing the adjournment of the final pre-trial conference from January 2000 to February 2000," *id.* at 132. However, the record indicates that on January 6, 2000, appellees, rather than appellant, requested the adjournment of the pre-trial conference scheduled for January 14, 2000.

While the record as a whole may, on review under an abuse of discretion standard, still support a dismissal for failure to prosecute even if the adjournment of the conference in question was not at the instance of appellant's counsel, we cannot know whether the district court judge would have made the same decision if properly informed. We therefore also remand for reconsideration of the factual basis for dismissal.

We follow the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), and remand to the district court to address the two issues described *supra.* The mandate shall issue forthwith, and any party seeking appellate review of the decision on remand shall so inform the clerk of this court within 30 days of that decision. Jurisdiction will then be automatically restored to this court. After jurisdiction is restored, the clerk shall set an expedited schedule for letter briefs, and the matter will then be referred to this panel for disposition without oral argument.