Joel **KLAPPER**, a/k/a Joel North, Plaintiff–Appellant,

v.

**VERIZON COMMUNICATIONS, INC. and AT & T Corp., Defendants– Appellees.**

No. 02–9071.

United States Court of Appeals, Second Circuit.

July 24, 2003.

---

Joel Klapper, Brentwood, NY, pro se.

Richard H. Wagner (Bernadette Miragliotta on the brief) New York, NY, for Defendant–Appellee Verizon Communications, Inc.

Robert D. Owen (Mark Bradford on the brief) Fulbright & Jaworski L.L.P., New York, NY, for Defendant–Appellee AT&T Corp.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART**, and the appeal is **DISMISSED IN PART** for lack of appellate jurisdiction.

Over a period of two decades, Joel Klapper has filed several unsuccessful lawsuits against the defendants. On April 29, 2002, Klapper brought a new action in the Southern District of New York, seeking to vacate, under Fed.R.Civ.P. 60(b), four of the prior judgments dismissing his claims, as well as an injunction issued in 1982 that bars him from bringing further suits on this subject matter. The district court (Knapp, *J.*) granted defendants' motion to dismiss the complaint. In addition, it sanctioned Klapper for vexatious filing, charging him defendants' attorneys fees. The court did not, however, determine the size of the fees to be charged.

The district court's sanction is not a "final decision" under 28 U.S.C. § 1291, because the amount of the sanction has yet to be fixed. *See Pridgen v. Andresen,* 113 F.3d 391, 394 (2d Cir.1997) ("[O]rders awarding attorney's fees *as a sanction* are not appealable until the amount of the sanction has been determined."). We therefore lack jurisdiction to consider the sanction. We can, however, review the district court's dismissal of the complaint because that is a final decision. *See Cooper v. Salomon Bros. Inc.,* 1 F.3d 82 (2d Cir.1993) (dismissing the portion of the appeal concerning a Fed.R.Civ.P. 11 sanction that had not been reduced to a dollar amount and proceeding to consider the district court's dismissal of the complaint).

A district court's ruling on a motion for relief under Fed.R.Civ.P. 60(b) is reviewed for an abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). We have examined the record before us and conclude that the court did not abuse its discretion.

We have considered all of Klapper's claims pertaining to the denial of the 60(b) motion and find them meritless. We therefore AFFIRM the denial of that motion and DISMISS, for want of jurisdic-

tion, the part of Klapper's appeal dealing with the sanction.