ORDER DENYING REHEARING
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for rehearing be, and it hereby is, DENIED.
Defendants-Appellants/Cross-Appellees, Westchester County, New York Carpenters’ Pension Fund and Board of Trustees of the Westchester County, New York Carpenters’ Pension Fund (the “Fund”), has petitioned for rehearing of this Court’s summary order dismissing the appeal for want of jurisdiction. By Order dated April 10, 2009, this Court determined that the judgment on appeal was not final because the computation of monetary relief in the action had not yet been completed.
The Fund argues that rehearing should be granted because the parties stipulated to the computation of monetary relief for all class members. However, the parties *75 did not enter into this stipulation until April 7, 2009, after briefing and oral argument of the appeal had already taken place, and the stipulation was not “So Ordered” until April 14, 2009. When the Fund relies on a stipulation entered long after the judgment at issue on appeal was entered, it is plain that the judgment appealed from was not a final judgment. Moreover, it is not clear that a final judgment was subsequently entered by the District Court. Despite signing the stipulation, the docket sheet reflects that the District Court asked the parties to address the question of whether the District Court had jurisdiction to enter the stipulation. The docket sheet does not reflect that any subsequent judgment was entered. In any event, the judgment was not yet final when the notice of appeal was filed or on April 10, 2009 when the appeal was dismissed, and rehearing, is not now warranted based on the parties’ efforts to secure a final judgment, which still appear to be incomplete.
The Fund also contends that the judgment was final because the plaintiffs sought only equitable relief in the amended complaint, and therefore it was unnecessary for the judgment to state a specific amount of monetary damages. However, even in actions seeking only equitable relief, a final judgment must specify the consequences of the defendant’s liability. See Franklin v. District of Columbia, 163 F.3d 625, 628 (D.C.Cir.1998) (“In damage and injunction actions, a final judgment in a plaintiff’s favor declares not only liability but also the consequences of liability— what, if anything, the defendants must do as a result.” (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976))). Moreover, the prayer for relief in the amended complaint sought a monetary award in that it asked the District Court to order the defendants to pay benefits to class members.
The Fund also asserts that the judgment was final because the damages calculations involved purely mechanical, non-discretionary computations. To the contrary, the petition demonstrates that the calculation of damages was hardly an arithmetic, ministerial act. After the judgment originally appealed from was entered on January 15, 2008, the calculation of damages was challenged, and apparently a new calculation was made and also challenged. An agreement as to the amounts was only communicated to the District Court on March 6, 2009, and the stipulation was not “So Ordered” until four days after this dismissed the appeal for want of jurisdiction. It is plain that the computation of damages and prejudgment interest in this case was more than merely ministerial, and the judgment entered on January 15, 2008, 2008 WL 1743342, was therefore not final. See Arp Films, Inc. v. Marvel Entm’t Group, Inc., 905 F.2d 687, 689 (2d Cir.1990) (per curiam) (citing Caradelis v. Refineria Pan., S.A., 384 F.2d 589, 591 (5th Cir.1967)); see also Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Cooper v. Salomon Bros. Inc., 1 F.3d 82, 84-85 (2d Cir.1993).
For the foregoing reasons, the petition for rehearing is DENIED. Once the parties ensure that a final judgment has in fact been entered, any party seeking to challenge the judgment should file a timely notice of appeal from the final judgment. As explained in the previous summary order, the Clerk’s office shall then set a briefing schedule to allow the parties to supplement the record with the details of the final judgment, and how, if at all, it affects the prior arguments, with the opportunity for the parties to submit additional briefs. This panel will retain jurisdiction over any appeal filed from any subsequently entered final judgment in this case. See United States v. Jacobson, *76 15 F.3d 19, 21-22 (2d Cir.1994). The briefs and appendix, supplemented by any additional briefs, shall serve for the new appeal. No oral argument will be held absent further order of the Court.