SUMMARY ORDER
Defendants-Appellants Town of Blooming Grove (the “Town”) and Village of Washingtonville (the “Village”) appeal from an order of the district court, entered on July 7, 2008, that found, inter alia, the Moffat Library lawn is a traditional public forum, certain provisions of the Town and Village Codes violated the First Amendment on their face or as applied to Plaintiff-Appellee Reverend Aexandra Coe (“Coe”), and with respect to her as-applied challenges, Coe was entitled to damages based on the Town’s initial attempt to enforce its insurance requirements against her in October 2006, and its designation of the lawn as “not a traditional public forum” in 2007. We assume the parties’ familiarity with the facts of the case, its procedural history, and the issues on appeal.
Before reaching the arguments raised by the Town and the Village, we must consider our jurisdiction over this appeal. Our appellate jurisdiction is ordinarily limited to review of “final decisions.” 28 U.S.C. § 1291. “[A] final order is one that conclusively determines the rights of the *744 parties to the litigation, leaving nothing for the district court to do the district court but execute the order.” In re Fugazy Express, 982 F.2d 769, 775 (2d Cir.1992). In this case, no final judgment has issued because the amount of damages remains unresolved. See Cooper v. Salomon Bros. Inc., 1 F.3d 82, 85 (2d Cir.1993) (“Where only liability has been determined, a court cannot execute the judgment before it has assessed the damages.”). Since the district court’s order is not final, we lack jurisdiction over this appeal. See id. at 84-85.
For the foregoing reasons, the appeal is DISMISSED.