20-2319-cv (L)
LCS Group v. Shire Development

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-two.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------------

LCS GROUP, LLC,

*Plaintiff-Appellant-Cross-Appellee*,

STEPHEN M. LOBBIN, FOUNDATION LAW GROUP LLP,

*Appellants-Cross-Appellees*,

v.                                              Nos. 20-2319, 20-2587

SHIRE DEVELOPMENT LLC, SHIRE PLC, HAUG PARTNERS LLP, SHIRE LLC,

*Defendants-Appellees-Cross-Appellants*,

BAKER HOSTETLER, LLP,

*Defendant.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS: STEPHEN M. LOBBIN, SML Avvocati P.C., San Diego, CA.

APPEARING FOR APPELLEES: PORTER F. FLEMING (Jonathan A. Herstoff, Jason A. Kanter *on the brief*), Haug Partners LLP, New York, NY.

Appeal from a ruling of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the judgment entered by the district court on March 11, 2019 is in part DISMISSED and the judgment is AFFIRMED. The order entered by the district court on June 22, 2020, is AFFIRMED. The cross-appeal is DISMISSED as moot.

Appellants LCS Group and Stephen Lobbin (generally, "LCS") appeal from a 2019 judgment dismissing LCS's amended complaint and imposing sanctions as well as a 2020 order by the district court adopting a magistrate judge's recommendation as to the amount of sanctions. LCS raises three issues for review. First, it argues that the district court improperly dismissed its breach of contract claim against the defendants (generally, "Shire"); next, that the district court

2

improperly imposed Rule 11 sanctions against it; and, finally, that the attorney's fees awarded as sanctions are excessive. On cross-appeal, Shire argues that the district court erred in finding that the magistrate judge's fee calculation was a report and recommendation rather than a final order. From this premise, Shire urges that LCS's appeal of the amount of sanctions is untimely.

On review, we determine that we lack jurisdiction to review the district court's dismissal of the breach of contract claim, and, as to LCS's appeal of the sanctions order, we conclude that the record and procedural history of this case easily demonstrate the appropriateness of the sanctions that the district court, in its discretion, imposed on LCS. Further, in light of LCS's failure to preserve its challenge, we decline to second-guess the amount of attorney's fees that the district court ordered LCS to pay as that sanction. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

**I.    LCS's Breach of Contract Claim**

In its opening brief, LCS argues at length that the district court erred by dismissing its contract claim. We may not consider the merits of this argument,

3

however, because LCS did not file a timely notice of appeal as to the judgment. Accordingly, we lack jurisdiction to review the dismissal.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed within thirty days of the entry of judgment. This requirement is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 210 (2007).

The Supreme Court has further held that "a decision on the merits is a 'final decision' for purposes of [appeal] whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988). This court has found that subsequent motions for Rule 11 sanctions generally do not render a merits decision non-final. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 n.3 (2d Cir. 2011) (per curiam). Unless the sanctions order is "inextricably intertwined" with the merits of the case (as discovery sanctions may be), a pending sanctions motion does "not extend the time to appeal the merits judgment." *Id.*; *see Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 85 (2d Cir. 1993) ("[W]e hold that we may exercise jurisdiction over the final decisions rendered in this case even though we lack jurisdiction over the Rule 11 question.").

4

On March 11, 2019, the district court entered judgment dismissing LCS's amended complaint, including its breach of contract claim, and granting Shire's motion for sanctions. In the same order, the district court ordered that LCS pay Shire's attorney's fees as sanctions. It did not set an amount, however. The present appeal was filed on July 22, 2020, over a year past the thirty-day deadline that was triggered by the March 2019 entry of judgment. As a result, we lack jurisdiction to review the dismissal of LCS's breach of contract claim.

LCS offers two counterarguments, neither persuasive. First, it argues that the district court's March 2019 judgment was not final because the judgment "dealt with intertwined, interlocutory issues" and did not determine the sanctions amount. Appellant Reply 8 n.5. LCS does not explain, however, why the issue of sanctions and the breach of contract claim are either "intertwined" or "interlocutory." The district court analyzed the motion to dismiss and motion for sanctions separately, and its analysis of the former did not rely on its reasoning in the latter. The dismissal order was clear that all claims had been dismissed and that leave to amend had been denied. Nothing about that determination depended on the final calculation of attorney's fees that was part of the sanctions award.

Next, in its statements of jurisdiction, LCS suggests that because the district court has entered no single, unified order disposing of both the merits and money award, there is no final judgment to appeal. LCS is apparently arguing that we lack jurisdiction over the appeal that it has tried to bring. Presumably, it envisions that at some future date a "complete" final judgment will be filed, permitting it to appeal the dismissal of its claims. But, as discussed above, a pending Rule 11 sanctions determination neither affects the finality of the judgment nor tolls the thirty-day limit to appeal a decision on the merits. *See Cooper*, 1 F.3d at 85.

LCS urges the court to take a "practical view" and proceed to address the merits of its appeal notwithstanding these jurisdictional issues, but its arguments are without merit. We are bound by Rule 4 and precedent applying Rule 4. Its appeal of the breach of contract claim dismissal is untimely, and the court lacks jurisdiction to review it.

## II. Rule 11 Sanctions

LCS also seeks review of the district court's sanctions orders under Federal Rule of Civil Procedure 11 against itself and its counsel, Stephen Lobbin. Shire counters that the district court acted within its discretion in imposing sanctions and that this court lacks jurisdiction to consider this component of the appeal.

Given the ease with which we can dispose of LCS's argument on the merits, the uncertain statutory jurisdictional posture, and the absence of any related constitutional concern, we will assume jurisdiction and address the merits. Having done so, we hold that the district court did not abuse its discretion by imposing sanctions.

### a. Jurisdiction

#### 1. *Timeliness of LCS's notice of appeal of June 2020 order*

In support of its position that this court lacks jurisdiction to review the imposition of Rule 11 sanctions, Shire first asserts that LCS failed to file a notice of appeal within 30 days of the district court's June 2020 order adopting the magistrate judge's ruling as to the amount of attorney's fees owed. The record, however, does not support this claim.

After the parties were unable to come to an agreement as to the amount of attorney's fees owed under the sanctions order, the district court referred the matter to a magistrate judge. On June 22, 2020, the district court adopted the magistrate judge's ruling setting the fees at $133,803.75. On July 7, 2020, LCS moved for reconsideration of that order. On July 22, 2020, thirty days after entry

7

of the district court order, LCS filed a notice of appeal. Although the filed notice was available to download from the court's electronic docket, in the docket entry related to its notice of appeal LCS failed to specify the order from which it was appealing. This resulted in a filing error—that is, the notice of appeal was rejected by the electronic filing system. LCS corrected the error the next day, and its notice of appeal then appeared on the docket as having been filed on July 23.

Shire argues that LCS's notice of appeal should be considered filed 31 days after the order. As discussed above, the court has jurisdiction to hear only those appeals filed within thirty days. Fed. R. App. P. 4(a)(1)(A). A timely filed motion for reconsideration, however, tolls the thirty-day deadline. *See* Fed. R. App. P. 4(a)(4). LCS filed such a motion 15 days after the order. *See* Fed. R. Civ. P. 59(e) (requiring that motions to amend judgment be filed within 28 days). Thus, whether LCS's appeal was filed thirty or 31 days after the court's June 22 order, it arrived within the newly extended deadline.

In response, Shire points to a Fifth Circuit case holding that a motion for reconsideration of sanctions did not toll the time to appeal an order to remand. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 446 (5th Cir. 1999). In that case,

8

however, the Fifth Circuit reasoned that the sanctions were collateral to the remand order. In this case, the sanctions are the central issue of the order being appealed. Accordingly, we are not troubled by *Anderson*. LCS filed a timely notice of appeal with respect to the June 22 order.

### 2. *Finality of the magistrate judge's May 2019 ruling*

In its cross-appeal, Shire offers a second argument as to why we lack jurisdiction to review the sanctions order. Shire argues that the sanctions ruling became final when the magistrate judge ruled on the amount of attorney's fees, and not when the district court later construed the ruling as a report and recommendation and adopted it. As a result, Shire contends, LCS was required to file a notice of appeal within 30 days of the magistrate judge's May 2019 sanctions ruling, rather than within 30 days of the district court's June 2020 order. Under this analysis, the current appeal is untimely. In making this argument, Shire asks us to resolve a significant question that we declined to decide in *Kiobel v. Millson*— whether "magistrate judges have authority to impose Rule 11 sanctions." 592 F.3d 78, 79 (2d Cir. 2010). We need not resolve this difficult issue now, however, because

9

it is statutory in nature and, accordingly, we may assume hypothetical jurisdiction and proceed to address the appeal's merits.[1]

Before we may reach the merits of a case, we must generally determine whether we have jurisdiction over the case under Article III of the Constitution. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). When, however, "the jurisdictional constraints are imposed by statute, not the Constitution, we have found it particularly prudent to assume hypothetical jurisdiction where the jurisdictional issues are complex and the substance of the claim is plainly without merit." *Butcher v. Wendt*, 975 F.3d 236, 242–43 (2d Cir. 2020) (quotation marks and alterations omitted); *see also Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 122–23 (2d Cir. 2020); *Conyers v. Rossides*, 558 F.3d 137, 150 (2d Cir. 2009); *Ivanishvili v. U.S.*

---

[1] Shire also states, in passing, that we must determine exactly when the sanctions order became final, arguing that the determination is necessary for the related calculation of interest. On the record provided to us, Shire does not appear to have raised this issue in the district court. Shire also fails to address the critical preliminary question that is still open in this circuit—whether, under 28 U.S.C. § 1961, interest on an attorney's fees award begins to accumulate when judgment entitling the party to attorney's fees is entered or at the point of the later calculation of the fees. *See Hubbard v. Total Commc'ns, Inc.*, 623 F. Supp. 2d 270, 271 (D. Conn. 2009) (noting that the issue is unresolved in this circuit and describing the former approach as the "majority rule."); *Strauch v. Computer Scis. Corp.*, No. 3:14-CV-956 (JBA), 2020 WL 4289955, at *13 (D. Conn. July 27, 2020)); *see also Est. of Calloway v. Marvel Ent. Grp., a Div. of Cadence Indus. Corp.*, 9 F.3d 237, 241 (2d Cir. 1993) (applying § 1961 to Rule 11 sanctions). Accordingly, we deem this argument waived. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

*Dep't of Just.*, 433 F.3d 332, 338 n.2 (2d Cir. 2006). This approach allows us to avoid difficult questions of statutory jurisdiction when an appeal has no merit. *See Butcher*, 975 F.3d at 242-43. A jurisdictional issue is statutory when it arises from a statute or rule, and not from the Constitution. *See id.*; *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 817 n.11 (2d Cir. 2000) (applying hypothetical jurisdiction to avoid a potential jurisdictional question arising from a federal rule of procedure).

In this case, we would need to resolve a complex question of statutory interpretation—that is, whether or not magistrate judges are authorized to issue final orders on Rule 11 sanctions—to determine whether LCS's notice of appeal was timely under Federal Rule of Appellate Procedure 4(a). *See* 28 U.S.C. § 636(b)(1)(A); *compare Kiobel*, 592 F.3d at 89-90 (Cabranes, J. concurring) *with id.* at 91-95 (Leval, J. concurring) (offering competing statutory analyses of the question). And, as the well-argued concurrences in *Kiobel* make clear, it is a question not easily resolved. Meanwhile, as we discuss below, LCS's substantive arguments are either waived or without merit. Accordingly, because the jurisdictional question raised here does not implicate Article III, we exercise hypothetical jurisdiction and resolve the Rule 11 sanctions issue on the merits.

## b. The Merits

The district court imposed sanctions on two grounds. First, the court found that LCS had filed its fraud-related claims with an improper purpose, in violation of Federal Rule of Civil Procedure 11(b)(1). The court ruled that LCS knew its fraud claims were frivolous because they had already been litigated and dismissed in a strongly worded decision in a previous lawsuit brought in the District of South Carolina. Second, the court imposed sanctions under Rule 11(b)(1) and (2) based on its assessment of LCS's RICO claim. It found that "[e]ven a cursory review of RICO case law would demonstrate to a reasonable attorney that LCS's RICO allegations are frivolous," App. 213, and that LCS's conduct regarding the claim indicated an intention to harass Shire.

LCS argues that neither of these grounds supports imposition of the sanctions. This court "review[s] the imposition of sanctions for abuse of discretion." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018). "'An abuse of discretion occurs when a district court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible

decisions.'" *Id.* (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)).

### *1. Fraud claims*

First, we consider LCS's challenge to the sanctions related to its fraud claims. We understand LCS to argue that the district court erred in concluding that the present suit was brought for an improper purpose merely because its previous lawsuit was dismissed. It observes that the current lawsuit involves new claims and different parties. "Thus," LCS argues, "the prior proceedings did not provide notice that the new claims raised in this action were in any way improper." Appellant Br. 33.

The district court did not find that the breach of contract claims that were raised for the first time in this lawsuit were sanctionable. Rather, it focused on the numerous claims in the amended complaint alleging fraud arising from the same inter partes review proceeding that LCS challenged in the earlier lawsuit. These are the allegations that the District of South Carolina had previously found lacked "any arguable basis in law or fact" and that amounted to "ongoing, abusive use of legal process." Suppl. App. 39.

LCS gives us no reason to doubt the district court's conclusion that LCS knew these fraud claims were frivolous when filed. Instead, it argues it should have been permitted to rely on "*res judicata* and *dicta* principles" when deciding to file a new lawsuit that made some additional fraud claims. Appellant Br. 33-34. If anything, this suggests that LCS knew the claims were frivolous but believed they were permissible to file because they were not barred by res judicata. Rule 11 flatly forecloses this argument: an attorney may not present a pleading that asserts claims the attorney knows to be frivolous, and the district court did not err in inferring an improper purpose from LCS's repeated filing of such claims. *See* Fed. R. Civ. P. 11(b)(1), (2). Accordingly, the district court did not abuse its discretion by imposing sanctions for the fraud claims.

## 2. *RICO claim*

Next, we turn to the sanctions related to LCS's RICO claim. Except for one unsupported statement in its reply, LCS does not contest that its inclusion of a RICO claim in its complaint was sanctionable. Instead, it now argues that it withdrew its RICO claim within the Rule 11(c)(2) "safe harbor." We do not consider this argument, however, because it has been waived.

14

In the district court, LCS first raised the safe harbor issue in its sur-reply to the motion for sanctions. The district court found that the issue had not been properly raised, but also ruled that it was not a meritorious argument. Generally, "this court has discretion to consider arguments waived below."[2] *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam). The court is more likely to exercise its discretion to consider a waived argument when "either (1) 'consideration of the issue is necessary to avoid manifest injustice' or (2) 'the issue is purely legal and there is no need for additional factfinding.'" *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) (quoting *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000)). On the other hand, we generally decline to consider arguments on an issue where "there is no justification for the failure to pursue it" earlier. *Patterson v. Balsamico*, 440 F.3d 104, 113 (2d Cir. 2006). In this instance, LCS has offered no justification for its delay in raising the issue, and, although the district court ruled on it, the

---

[2] Courts, in recent years, have distinguished between waiver and forfeiture. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017) ("Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right."); *United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015) ("This Court, in its discretion, may "correct errors that were *forfeited* because not timely raised in the district court, but no such discretion applies when there has been true *waiver*.")). Although it may be more accurate to refer to LCS as having forfeited, rather than waived, many of the arguments it raises here, for convenience we refer to both their action and inaction here in terms of "waiver."

parties now contest related factual points in their briefing. Accordingly, we decline to consider the argument. LCS has failed to establish that the district court abused its discretion by imposing sanctions.

**III.    The Attorney's Fees Award**

Finally, we consider LCS's objection to the magistrate judge's calculation of the amount of attorney's fees due as a sanction. Here, again, we do not reach the merits because LCS's argument is waived.

Federal Rule of Civil Procedure 72 requires that a party "serve and file objections" with the district judge "within 14 days" if it takes issue with a magistrate judge's order or proposed findings. Fed. R. Civ. P. 72(a). Further, "[the] party may not assign as error a defect in the order not timely objected to." *Id.*; *see Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) (reading the timeliness requirement to apply to both Rule 72(a) and (b)). This court has held that "'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

After the magistrate judge issued his ruling on the amount of the sanction, Rule 72 allowed LCS 14 days to file objections. Instead, LCS moved for reconsideration under Local Rule 6.3 and noticed an appeal in this court. LCS has not identified any case law suggesting that a counseled party's motion for reconsideration or notice of appeal can take the place of an objection submitted to the district court for purposes of Rule 72.

LCS offers no reason for its failure to follow Rule 72. Instead, it simply asserts that "the district court misapplied the rules as well, creating prejudicial confusion and delay, and error." Appellant Reply 10. LCS does not name these alleged errors, but whatever they are, they are irrelevant. LCS's responsibility under Rule 72 was clear. No actions taken by the district court in the relevant timeframe obscured or altered that responsibility. If LCS wished to contest the magistrate judge's determination, whether his ruling was a report and recommendation or a final order, it had to file objections with the district court within 14 days. LCS did not do so, and so it has waived its arguments on the issue.

* * *

LCS's remaining arguments on appeal are either unpersuasive or foreclosed. Accordingly, LCS's appeal of the district court's dismissal of its breach

of contract claim is DISMISSED for want of jurisdiction. The judgment of the district court as to the imposition and amount of sanctions is AFFIRMED. Because we affirm on the merits, Shire's cross-appeal is DISMISSED as moot.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court