22-1952-cv
Chen v. China Green Agriculture, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-three.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------
GANG CHEN,

*Plaintiff-Appellant*,

v.                                                          No. 22-1952-cv

CHINA GREEN AGRICULTURE, INC., ZHUOYU LI, YONGCHENG YANG, DAQING ZHU, KABANI & COMPANY, INC., AMERICAN CORPORATE LEARNING CENTER, ABDUL HAMID KABANI, KSP GROUP, INC., SHAHNAZ KABANI, YIRU SHI, JASLYN HUYNH AKA JASLYN SELLERS,

1

*Defendants-Appellees.*\*

-------------------------------------------------------------------

FOR APPELLANT:

Gang Chen, *pro se*, Vero Beach, FL

FOR APPELLEES CHINA
GREEN AGRICULTURE,
INC., ZHUOYU LI,
YONGCHENG YANG,
DAQING ZHU:

Angus F. Ni, AFN Law PLLC,
New York, NY

FOR APPELLEES KABANI
& COMPANY, INC.,
AMERICAN CORPORATE
LEARNING CENTER,
ABDUL HAMID KABANI,
SHAHNAZ KABANI:

Baruch S. Gottesman, Gottesman
Legal PLLC, New York, NY

FOR APPELLEES KSP
GROUP, JASLYN HUYNH,
YIRU SHI:

Judd R. Spray, Law Office of Judd
R. Spray, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Mary Kay Vyskocil, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Gang Chen appeals from an August 30, 2022 order of

the United States District Court for the Southern District of New York (Vyskocil,

\* The Clerk of Court is directed to amend the caption as set forth above.

2

*J.*) dismissing his claims against China Green Agriculture, Inc. and several of its officers and auditors for violating Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Chen alleges that China Green, with the help of its auditors, misrepresented its financial condition and the status of its operations. On August 30, 2022, the District Court dismissed Chen's claims on the ground that Chen failed adequately to allege loss causation. *Chen v. China Green Agric. Inc.*, No. 20-CV-09232, 2022 WL 3868111, at *4–5 (S.D.N.Y. Aug. 30, 2022). In the same order, the District Court directed any defendants who sought sanctions under the Private Securities Litigation Reform Act of 1995 to file their applications "on or before September 30, 2022." *Id.* at *5. Chen appealed that order on September 2, 2022. Nearly a year later, on August 14, 2023, while Chen's appeal was pending, the District Court denied the defendants' motion for

---

[1] We do not address Chen's other claims because Chen does not challenge their dismissal.

3

sanctions and directed the Clerk of Court to close the case. *Chen v. China Green Agric. Inc.*, No. 20-CV-09232, 2023 WL 5210813, at *2 (S.D.N.Y. Aug. 14, 2023).

On the merits of Chen's appeal of the August 30, 2022 order, we affirm for substantially the reasons stated in the District Court's opinion.[2] "To maintain a private damages action under § 10(b) and Rule 10b–5, a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (quotation marks omitted). The only allegation pertaining to loss causation in the operative complaint is that "[w]hen

---

[2] We have jurisdiction over Chen's appeal even though the District Court never entered judgment in a separate document as required by Federal Rule of Civil Procedure 58 with respect to either its August 30, 2022 order or its August 14, 2023 order denying the motions for sanctions. As Federal Rule of Appellate Procedure 4(a)(7)(B) provides, "[a] failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order" in a civil case. Fed. R. App. P. 4(a)(7)(B). In any event, under Rule 58 the judgment became final on January 27, 2023, 150 days after the order was entered on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B). Separately, statutory attorney's fees and Rule 11 sanctions are "collateral to, and separate from, the decision on the merits" such that they "normally will not be part of the final judgment." *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 85 (2d Cir. 1993). Accordingly, the District Court's failure to enter a separate judgment for the August 14, 2023 order does not affect the appealability of the August 30, 2022 order.

4

Defendants' misrepresentations and fraudulent conduct were disclosed and became apparent to the market, the prices of CGA's securities fell." App'x at 387. As the District Court observed, that allegation standing alone is inadequate because it fails to identify "when the disclosure happened, how or by whom it was made, what effect it had on the market, or when [Chen] sold his stock in relation to that disclosure." *Chen*, 2022 WL 3868111, at *4.

Urging a contrary conclusion, Chen claims on appeal that China Green's fraud came to light in a movie called "China Hustle" posted on a Yahoo forum in 2018. Because Chen did not advance any argument related to—or even refer to—"China Hustle" below, we decline to consider it. *See Amara v. Cigna Corp.*, 53 F.4th 241, 257 n.8 (2d Cir. 2022). Chen separately claims that the sale of China Green stock through various private placements from October and November 2019 likewise indicated that China Green fraudulently inflated its financial condition, but he fails to adequately explain with sufficient particularity how the private placements did so.

We have considered Chen's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court