*Starr Indem. & Liab. Co. v. Exist, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of February, two thousand twenty-four.**

**PRESENT:**
> **JOHN M. WALKER, JR.,**
> **SUSAN L. CARNEY,**
> **MICHAEL H. PARK,**
>       *Circuit Judges.*

---

**Starr Indemnity & Liability Co.,**

> *Plaintiff-Appellant,*

> v.                                            23-912

**Exist, Inc.,**

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | KEVIN J.B. O'MALLEY, (John A.V. Nicoletti, *on the brief*), Nicoletti Hornig & Sweeney, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | STEFAN SAVIC, Reinhardt Savic Foley LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Exist, Inc., is a Florida corporation that imports and sells clothing to American retailers. Starr Indemnity & Liability Co. is an insurance company, incorporated in Texas and with its principal place of business in New York. Exist held a marine cargo insurance policy from Starr, under which it submitted two notices of loss, one in July 2021 and another in January 2022. In January 2023, without first denying Exist's claims, Starr sued Exist under the Declaratory Judgment Act for a declaration of nonliability. The district court dismissed Starr's complaint. Starr now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The parties dispute the basis for the district court's dismissal. The district court's order states that it is dismissing Starr's complaint "for failure to state a claim." App'x at 108. But the text of the district court's opinion demonstrates beyond doubt that its ruling squarely addressed the court's jurisdiction over Starr's declaratory judgment claim, and turned on its decision declining to exercise that jurisdiction. We thus review its decision to decline jurisdiction for abuse of discretion. *See Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).

District courts have "broad discretion" to decline jurisdiction in declaratory judgment actions. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673

F.3d 84, 105 (2d Cir. 2012). We have identified six factors that "should inform a district court's exercise of [its] discretion," "to the extent they are relevant in a particular case":

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for "judicial efficiency" and "judicial economy" favor declining to exercise jurisdiction.

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023) (cleaned up). An abuse of discretion can occur when district courts fail to consider a "relevant factor that should have been given significant weight," when they give significant weight to an irrelevant or improper factor, or when they otherwise commit clear error. *Id.* at 100.

Here, the district court acted within its discretion to decline jurisdiction. On the facts of the case, it was entitled to conclude that Starr's declaratory judgment suit constituted "procedural fencing or a race to res judicata," especially in light of Starr's decision to inform Exist only via federal complaint that it had denied Exist's insurance claims. Nor was it clear error for the district court to conclude that Starr's suit served no "useful purpose" in that it was not necessary to "finalize the controversy and offer relief from uncertainty."[1] *Id.* at 99-100. Starr's requested declaration goes only to liability for past damages, not the avoidance of (nonspeculative) future

---

[1] Starr's argument that a declaratory judgment serves a useful purpose by potentially allowing it to avoid administrative expenses and interest was neither made before the district court nor in its opening appellate brief, and Starr offers no justification for these failures. *See* App'x 113 ("[Starr] does not allege that it would incur any further potential costs [while waiting for Exist to file suit].") Accordingly, this argument is waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).

damages.  Liability for past damages can be addressed just as easily in an ordinary suit for breach of contract and, thus, an action for declaratory judgment yields no incremental benefit.

Although the district court did not consider three of the *Admiral Insurance* factors, it acted within its discretion in doing so because the omitted factors are either irrelevant or deserve less than "significant weight" in this case.  We consider each omitted factor in turn.

First, the district court failed to consider "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court."  *Id.* at 100.  But here, there was no preexisting state-court action.  This factor was thus irrelevant to the *Admiral Insurance* analysis.[2]  Second, the district court failed to consider "whether there is a better or more effective remedy."[3]  *Id.*  Starr is entitled to the same remedy—a declaration of nonliability—whether it presents its claims as the plaintiff in a declaratory judgment action or as a defendant in an action for breach of contract.  Moreover, as the district court observed, Starr "is . . . not forced to incur any 'additional harm' by waiting for [Exist] to initiate suit."  App'x at 113.  This factor is thus also irrelevant here.  Finally, the district court did not explicitly consider "whether concerns for 'judicial efficiency' and 'judicial

[2] To the extent that the risk of a *future* state-court action might factor into this analysis, we need not consider it here, where the parties are diverse and Starr would be entitled to remove a foreign state-court action to federal court under 28 U.S.C. § 1441.

[3] The district court implies that Exist's filing of a breach-of-contract action, which it believed Exist intended to do, would be a superior remedy because Exist, the "natural plaintiff," would be able to choose the forum and it would avoid a race to the courthouse.  App'x 110, 115-16 & n.3.  Given its rather brief reference to this factor, however, we assume for the purposes of this summary order that the factor was not fully considered.

economy' favor declining to exercise jurisdiction." *Admiral Ins. Co.*, 57 F.4th at 100. These concerns, however, have no special relevance in this case.

*   *   *

We have considered all of Starr's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court